# Stofflit *against* Troxell.

One who has made a lease for years of his land to a tenant in possession, cannot maintain ejectment until the lease expires.

ERROR to the Common Pleas of *Lehigh* county.

Ejectment to September Term 1843, by Peter Troxell against Jonas Stofflit for a strip of land in that county. Before bringing the ejectment, viz., on the 28th April 1841, Troxell had leased his farm to one Metzger, and while the lease continued Stofflit tore down his part of the line-fence between his land and Troxell's, and extended it on Troxell's two or three feet.

The defendant requested the court to charge the jury that the plaintiff could not recover, inasmuch as he had leased the land prior to the commencement of this action, and the tenant was in possession of the same when the suit was brought, in virtue of said lease. The court answered as follows:

In giving an answer to this point, it is proper to say, that there is a difference of opinion with the members of the court in relation to it. I therefore charge the jury, that said lease and possession under it does not stand in the way of the plaintiff's recovery. I thus charge you in conformity to the opinion of my associates, and

will consider the point answered, so that the defendant may have the benefit of it, if the verdict should be against him.

To this part of the charge the defendant excepted.

The jury gave a verdict for the plaintiff.

*Gibons,* for the plaintiff in error.

*Brown,* contra.

The opinion of the Court was delivered by

KENNEDY, J. — Ejectment is emphatically a possessory action, and cannot be maintained by the plaintiff, unless he has a right to the possession of the property at the time of commencing his action. By the common law, an ejectment will not lie for anything, whereupon an entry cannot be made, or of which the sheriff cannot deliver possession. *Adams on Eject.* 18; *Black* v. *Hepburne,* (2 *Yeates* 333); and it is confined to cases in which the plaintiff or claimant has a right to the possession. *Adams on Ejectment* 10. Though originally it was necessary that the plaintiff or lessor in the ejectment should make an actual entry anterior to commencing his action, yet it is not so now; it is sufficient if he have a right to enter, which necessarily involves in it an immediate right to the possession. *Hylton's Lessee* v. *Brown,* (2 *Wash. C. C.* 165); *Adams on Eject.* 10. "An ejectment, says Lord MANSFIELD, is a *possessory* remedy, and only competent where the lessor of the plaintiff *may enter ;* therefore it is always necessary for the plaintiff to show that his lessor had a *right to enter,* by *proving* a possession within 20 years (in Pennsylvania 21 years), or *accounting for the want* of it, under some of the exceptions allowed by the statute. *Twenty years'* (in Pennsylvania *twenty-one years'*) adverse possession is a *positive title* to the defendant; it is not a bar to the *action* or *remedy* of the plaintiff only, but takes away his *right of possession.* Every plaintiff in ejectment must show a *right of possession* as well as of *property ;* and therefore the defendant need not *plead* the statute as in the case of actions." *Taylor Atkyns* v. *Horde,* (1 *Burr.* 60). It is clear, therefore, that the associate Judges, who formed a majority of the court below and overruled the President Judge, were wrong in directing him to instruct the jury that a lease given by the plaintiff below, including the premises in question, for a term of three years to Nathan Metzger, which remained in force and unexpired at the time of commencing this action, did not stand in the way of the plaintiff's recovery. Metzger having been placed in, or taken possession of the premises in question, in pursuance of the lease as it appeared, became thereby most clearly entitled to the possession, if the plaintiff below had any right at the time himself to give or bestow it upon Metzger; so that until the term in the lease expired the plaintiff could have no right to enter or claim the possession.

Judgment reversed, and a *venire facias de novo* awarded.