## Hendrick *versus* Thomas.

1. Where the lien of a confessed judgment was, by the terms of the bond and warrant, restricted to particular real estate of the defendant, and pending a controversy relating to the extent of the lien of a revival of said judgment, the parties, by way of compromise settlement, paid and received a certain sum of money, less than the face amount of the judgment, in full satisfaction thereof: *Held* that the judgment was extinguished, and could not subsequently be enforced, as to the balance, upon the plaintiff's allegation that additional terms of the settlement, resting in parol, had not been complied with.

2. A. held a judgment entered against B., on a bond with warrant of attorney, by the terms of which the judgment could only be collected from certain specified real estate. This judgment was subsequently revived, and A. issued a test. fi. fa. on the revival judgment against other property than that specified in the bond. Pending a rule to show cause why execution should not be restricted to said specified property, the parties agreed upon a settlement by which a less sum than the amount of the judgment was paid in cash, and a receipt given, not under seal, in full satisfaction of the judgment. Subsequently A. issued another execution on the judgment, whereupon the court opened the judgment, and awarded a feigned issue, on the trial of which B. alleged that as one of the terms of settlement A. had promised to procure him a situation as superintendent of a coal breaker, and had failed to do so.

*Held* that such alleged breach was no defence to the issue trying. The compromise settlement remaining unrescinded, the plaintiff had no right of action or execution on the judgment, which was by such compromise satisfied. His remedy, if any, was a suit for damages for breach of the alleged parol agreement.

April 14, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Luzerne county:* Of January Term, 1884, No. 412.

This was a feigned issue to test the validity of a judgment opened by the court, wherein E. E. Thomas, the judgment creditor, was plaintiff and E. E. Hendrick, the judgment debtor,

was defendant. By agreement of counsel, the judgment was to stand for a declaration, with plea of payment with leave, &c.

The opinion of this court contains a statement of the facts as they appeared on the trial, before WOODWARD, J.; the following is a brief resumé:

On July 31, 1873, on the purchase by Hendrick of the interest of his partner, Thomas, in a tract of coal, Hendrick gave Thomas a bond to secure the payment of $10,000, conditioned, inter alia, as follows:—

"*First*, This obligation, nor the judgment or lien entered upon the same, shall not be a lien upon, nor collected from other property of the said E. E. Hendrick, real, personal, or mixed, than that purchased of the. Hollenback estate, et al., by the firm of Hendrick and Thomas, of which firm the parties above named were sole partners."

Judgment was entered on this bond, by virtue of the warrant therein contained, August 4, 1873. After some payments made on account, the judgment was revived to November Term, 1879, for $8,616. About a year later the plaintiff issued a test. fi. fa. to Lackawanna county; thereupon the court granted a rule to show cause why execution should not be restrained to the property specifically mentioned in the bond. Pending this rule a settlement was made by which Hendrick paid Thomas $6,000, and received his receipt, not under seal, as follows:—

"Luzerne County, ss.

"E. E. THOMAS ⎱ In the Court of Common Pleas of said
       *v.*          ⎰ County of Luzerne of Nov. Term, 1879,
E. E. HENDRICK, ⎰ No. 200.

"Revived from judgment in said Court of Common Pleas of October Term, 1873, No. 1828.

"And now to wit, January sixth, A. D. 1881, received of E. E. Hendrick, the defendant, full satisfaction of the above entitled judgment, debt, interest, and all costs paid by the said E. E. Thomas, by compromise, all unpaid costs at this date to be paid by the said E. E. Hendrick to A. B. Stevens, Sheriff of Lackawanna county, the said Sheriff is directed to return the testatum fi. fa. in his hands stayed by order of plaintiff, with plaintiff's receipt for debt, interest, and all costs paid by said plaintiff.            E. E. THOMAS."

"In presence of JOHN STEWART."

Subsequently, on March 6, 1882, plaintiff issued an alias execution, when on application of the defendant the court opened the judgment and this issue was framed.

The plaintiff at the trial admitted giving the above receipt,

but claimed that it was part of the terms of settlement that Hendrick should procure for him a position as superintendent of a coal breaker, which he had failed to do.

The court charged the jury, inter alia, as follows :—

"If you believe the statements of the plaintiff as to the nature of this settlement, then besides the six thousand dollars which he received in money, he was to have something else which he has not received, so far as the evidence shows, and if he is accurate, truthful, correct, his answer in rebuttal would be a good one under the circumstances." (First assignment of error).

"We say to you, if you believe Mr. Thomas is correct, his answer is made out. He was not obliged to accept this six thousand dollars without obtaining the position in connection with the colliery also, and failing to get that, if it was part of the bargain, the settlement would not be perfected and the six thousand dollars would be a credit on the judgment rather than a satisfaction in full of it." (Second assignment of error).

"To resume briefly, gentlemen, in a general way, if the allegation of plaintiff to the effect that he was to receive not only six thousand dollars but was to have also a position as superintendent of a colliery with $125.00 per month, is true, and is the whole truth of this case, then the plaintiff would be entitled to have a judgment in his favor for the balance remaining due after deducting the six thousand dollars as of the date of that payment, with interest added, because it is not claimed that any position about this colliery was ever given or tendered him." (Third assignment of error).

Verdict for the plaintiff for $3,175.33 and judgment thereon. The defendant took this writ of error, assigning for error, inter alia, the portions of the charge above quoted.

*Blakeslee*, (*Davis* with him) for the plaintiff in error.—The judgment was satisfied in law by the compromise agreement. The judgment not being a general judgment but restricted in lien, whether it could be collected or not would depend on the value of the real estate on which alone it was charged. This might or might not be worth the amount of the debt, but as a matter of law it was uncertain. If, therefore, in such a case the creditor sees fit to accept the certainty of part payment of the sum in satisfaction of a charge for a larger sum upon specific property of unascertained value, he receives in law a benefit or advantage which is a valid consideration for the whole. Payment of a less sum than its face amount was therefore a good accord and satisfaction: Brooks *v.* White, 2 Metc., 283; Very *v.* Levy, 13 How., 345; Mechanics' Bank of Harrisburg *v.* Huston, 11 W. N. C., 389; Boyd & Suydam *v.* Hitchcock,

20 Johns., 76; Savage *v.* Everman, 20 P. F. S., 315; Coyle *v.* Reynolds, 7 S. & R., 328; Stanton *v.* White, 8 Cas., 358; Wilkinson *v.* Conrad, 10 W. N. C., 22. The settlement being a compromise of a pending controversy was valid independent of the above stated principle: Chamberlain *v.* McClurg, 8 W. & S., 31; Cavode *v.* McKelvey, Add., 56. The agreement alleged by Thomas was a new agreement, a novation, and if true the remedy was a suit for breach thereof. He could not rescind and issue execution on the judgment for the balance, without first tendering back the $6,000. The court clearly erred in charging that if the jury believed the plaintiff's statement, " then the plaintiff would be entitled to have a judgment (verdict) in his favor for the balance remaining due after deducting the six thousand dollars, as of the date of that payment, with interest added, because it is not claimed that any position about this colliery was ever given or tendered him."

*Q. A. Gates (John Lynch* with him), for the defendant in error.—The point that the agreement was a novation is an invention of the present counsel for plaintiff in error, who did not represent him in the court below, and will not be considered in this court, not having been made before, and therefore not covered by the assignments of error. Payment of part of a debt, though received in satisfaction, if without a release under seal, will not extinguish the whole: Hartman *v.* Danner, 24 P. F. S., 36, and cases there cited.

The settled judgment was a judgment of revival, which was a general judgment not restricted to particular land, as the original judgment was. The only lien existing at the time this settlement was made was by virtue of a test. fi. fa., issued out of Luzerne county to Lackawanna county, upon this revived judgment, where the Hollenback lands were and where Hendrick lived. The original judgment lost its lien before revival. The county was divided after the lien was lost, and before a new judgment was acquired. In the charge the court left the facts fairly to the jury, under proper instructions.

Mr. Justice TRUNKEY delivered the opinion of the court, May 19, 1884.

In 1872 Hendrick and Thomas purchased a tract of land formerly owned by Hollenback, and engaged in the business of mining coal. On July 31, 1873, Thomas sold his interest to Hendrick for ten thousand dollars, for which Hendrick gave his bond with warrant of attorney to confess judgment, conditioned that neither the obligation nor the judgment entered thereon should be collected from any other property of said

[Hendrick v. Thomas.]

Hendrick than that purchased of the Hollenback estate by the firm of Hendrick and Thomas. Judgment was entered upon the bond, and after four thousand dollars had been paid, it was revived by scire facias for eight thousand six hundred and sixteen dollars. Soon after the revival, execution was issued. On application of Hendrick, November 13, 1880, a rule to show cause was granted why an order should not be made restricting the collection of the judgment to the Hollenback estate; and why execution should not be stayed as to all other property of defendant. It does not appear that that rule was ever disposed of by the court. But the parties compromised, and January 6, 1881, Thomas gave a receipt in full satisfaction of debt, interest, and all costs paid by him, Hendrick to pay all costs then unpaid, and upon payment thereof the sheriff to return the writ stayed by order of plaintiff. Hendrick paid the costs on the next day. Thomas, by his attorney, February 21, 1881, received the costs due to himself from the sheriff and stayed the writ. Nothing further was done until March 6, 1882, when an alias execution was issued. Thereupon Hendrick applied for a rule to show cause why the judgment should not be opened, which was made absolute, and the parties agreed upon an issue for trial to be formed by the judgment standing as a declaration, and the defendant pleading payment, with leave, etc.

At the trial, to overcome his receipt, the plaintiff adduced his own statement unsupported by other testimony, that as a part of the agreement of compromise, Hendrick promised to give him employment; and upon this point he was contradicted by the defendant, who was strongly corroborated by the other witnesses who had knowledge of the transaction. The jury evidently thought with him that "fortunately for truth and justice witnesses are to be weighed, not counted." This being so, it is well to ascertain the terms of the contract from his own testimony. After stating that he and Stewart went to Hendrick's office and Stewart stated their business, he says: "Hendrick received us very kindly; he said he didn't know whether he could make any arrangements or not; he had been talking about making arrangements with this Butler Coal Company, but if he could make arrangements with me he could make arrangements with them, and then they would want me to take charge of the mines—run the mine for him. Then the question was asked by Mr. Stewart how much he would give to make a settlement; he said he wouldn't give over six thousand dollars, and if I would make arrangements for those six thousand dollars, why, he could make arrangements with the Butler Coal Company, and have the breaker start up, and I could have the charge of it. I says, if you

[Hendrick *v.* Thomas.]

will do that I will take the six thousand dollars and settle this law business." "He said he would." Then they went to Gritman's, the receipt was written, read and signed, and Hendrick gave him the check for six thousand dollars. In cross-examination he said that Mr. Cowan, treasurer of the Butler Coal Company, had previously told him they were satisfied they could make arrangements with Hendrick if he would make a settlement, and wanted him to take charge of the breaker for them. Cowan said if they could purchase the property, "they would want him to run the breaker for them or something to that effect."

For the purposes of this case it may be conceded that his testimony was sufficient to warrant a finding by the jury that Hendrick promised him employment in charge of a coal breaker. That employment was to be in the future—not till the mining of coal on the land should be commenced. Nothing was said respecting wages, or the term of service—when the service was to begin or end, save that it was to begin when arrangements should be made with the Butler Coal Company. The inquiry is not whether an action would lie for the breach of such a promise, or what is the measure of damages for the breach, but whether the plaintiff, holding and enjoying the tangible fruits of the compromise, may treat the sum paid as a mere credit on the amount of the judgment, because of the breach of the promise.

The record shows that at the time of the compromise the dispute was not concerning the amount of the debt, but whether the stipulation that the lien and collection of the judgment should be restricted to certain property described in the bond should be enforced. It was as competent for the parties to agree upon that restriction as it was for one to convey his interest in the property to the other in consideration of the bond. As originally entered the restriction was in the judgment. The judgment of revival was in default of a sufficient affidavit of defence, and it was in the power of the court to open it at any time for good cause. Instead of contesting the pending rule, the plaintiff agreed to receive, and did receive six thousand dollars in satisfaction of the debt. The debt was for a larger sum, but the defendant had the option to pay it or suffer certain property to be sold in satisfaction. It is clearly shown by the learned president Judge of the Common Pleas that a compromise and payment to the creditor, of part of the amount of such a debt as this in satisfaction of the whole, is upon sufficient consideration, and is valid, even if it could be proved that the property out of which the debt is collectible is of greater value than the whole debt. Part payment of an overdue and unrestricted debt, in a legal sense, is

neither a benefit to the creditor nor an injury to the debtor, and therefore is not a good consideration for a promise to receive it in satisfaction. But a part payment on account of a debt at any time before it is due will form a good consideration for an agreement for postponement of payment, or for its extinguishment. The law pays no regard to the adequacy of the consideration; if it is of some legal benefit to one party or injury to the other, though of the slightest kind, it is sufficient: Hartman v. Danner, 74 Pa. St., 36. A sealed instrument is presumed to be for good consideration, and therefore, upon part payment of a debt, a release under seal is valid. A release not under seal, supported by a legal consideration, is equally effective.

Thomas has made no attempt to impeach the settlement for fraud—the evidence fails to show fraud. He still holds the money he took from the defendant when he gave the written acknowledgment of satisfaction. His first act, more than a year after the making of the settlement, was to issue an execution as if the money he had received was only part payment of an ordinary judgment. The writ was stayed by the court and this issue directed. Had he the right to rescind the agreement of compromise, and intended to exercise it, nothing was easier than to return the money to Hendrick and place him in the same position as he held immediately before the compromise. It avails nothing that the restriction of lien and collection may yet be enforced as to the balance of the amount in excess of the six thousand dollars, for before the compromise, Hendrick's right to pay, or let the land be sold in satisfaction, extended to the whole sum, not merely to one-third part. Upon the facts as shown by the record, and Thomas's own testimony, if he is entitled to anything, it is for damages resulting from breach of a collateral agreement to give him employment. He cannot recover such damages in an issue in the nature of a scire facias to revive the judgment. The judgment is the foundation and extent of his claim. By compromise and payment accordingly, the judgment was satisfied. The settlement involved more than payment of part of an overdue debt with a promise to give employment at some indefinite time in the future, which the creditor agreed to receive in full from the debtor. If the plaintiff is entitled to recover in this issue, as the case stands, he has all the benefit of the settlement of the matter in dispute as a penalty on the defendant for the breach of such alleged promise. The compromise remains unrescinded, and the plaintiff has no right of action on the judgment.

The first three assignments of error must be sustained. It is unnecessary to remark the other assignments.

Judgment reversed.