# Grayson's Appeal.

1. The payment of interest upon an overdue note from the date of its maturity to a date in the future, by the maker to the payee, is a valid consideration for an agreement to extend payment of the note to such future date; and such payment and agreement, if made without the knowledge and assent of a surety on the note, will discharge the surety. It is immaterial that such interest was paid at a usurious rate; the excess over the legal rate was applicable to the principal; but the lawful interest paid in advance was nevertheless a sufficient consideration for a binding extension.

2. Hartman *v.* Danner, 24 P. F. S., 36, and kindred cases, distinguished.

February 3d, 1885. Before MERCUR, C. J., PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. GORDON, J., absent.

APPEAL from the Court of Common Pleas of *Crawford County :* Of January Term, 1885, No. 75.

Appeal of Thomas W. Grayson, from a decree of said Court, discharging a rule to show cause why a certain judgment held by Cyrus Kitchen, president, in trust for the Meadville Savings Bank, against R. C. McMichael and the appellant, should not be opened and defendant let into a defence.

From the depositions taken in support of the rule the following facts appeared :—

On May 19th, 1883, R. C. McMichael went to the Meadville Savings Bank to borrow $300 for 30 days. His request was granted on condition that he would give a judgment note with surety. The cashier filled out a note and gave it to McMichael, who went out and got Thomas W. Grayson to sign the note with him. McMichael took the note to the bank and

got the money, less the discount for thirty days. The bank understood that Grayson signed the note as surety. The note matured June 18th, 1883; notice was sent to McMichael but not to Grayson. On the 7th of July following McMichael paid the interest for thirty days from June 18th, and got an extension for that time. On the 6th of August following McMichael got another extension to August 17th, paying at the time interest for thirty days from July 18th. The interest paid on the note on both occasions was at the rate of 9 per cent. per annum. Both of these extensions were effected without the knowledge of Grayson. The note not being paid, judgment was entered September 5th, 1883. McMichael was solvent at the time the note was given, and at the time of the extensions, but afterwards becoming insolvent payment was finally demanded of Grayson, and judgment was entered on the note against McMichael and Grayson. The latter took this rule to open the judgment on June 2d, 1884. The rule was subsequently discharged by the Court (CHURCH, P. J.); whereupon Grayson took this appeal, assigning for error the action of the Court in discharging the rule.

*J. B. Brawley* (with him *Humes* and *Frey*), for appellant.— If a creditor by contract which can be enforced at law or in equity gives time to the debtor, he discharges the surety: Clippinger *v.* Creps, 2 Watts, 45. The pre-payment of interest was a valid consideration for the agreement to extend. The excess of 3 per cent. above the legal rate of interest was not an illegal payment, and might be applied upon the principal.

*Alfred G. Church*, for appellee.—The surety is not discharged because there was no binding agreement for an extension: DeColyar on Guarantees, 408. Payment of usurious interest after a debt becomes due is not a valid consideration for an agreement to give time: Hartman *v.* Danner, 24 Smith, 36; Shaffer *v.* Clark, 9 Norris, 94; Calvert *v.* Good, 14 Id., 65.

Mr. Justice CLARK delivered the opinion of the court, March 30th, 1885.

It is contended in this case by Grayson, the appellant, that he is relieved from his liability to Kitchen, by the agreement of the latter with McMichael, to extend the time for payment of the note, upon which Grayson was the surety. The effect of such an agreement, when founded in a valid consideration, is not only to preclude the creditor from collection, but the debtor from a discharge of the debt, during the period of extension; and, as the surety's right of substitution in equity is by this means affected, sometimes defeated, he is rightly relieved from the debt.

It is well settled, however, by the decisions of this Court, that part payment of a debt, either principal or interest, after maturity, is not a sufficient consideration to support an agreement to give time upon the residue. It is then the duty of the debtor to pay the whole debt, and the right of the creditor to receive the whole, and no appreciable injury to the one or advantage to the other accrues from payment of part. It is equally well settled that payment of usury is, in the law, a payment on account of the debt, and, therefore, when made after maturity, it can create no valid consideration for a promise of extension.

This is the doctrine declared in Hartman v. Danner, 24 P. F. S., 36, where the subject is very fully discussed. But the Court below erred, we think, in determining the case in hand upon the ruling of the case referred to. In Hartman v. Danner, the consideration was the payment of usury only, not interest, after maturity of the obligation, in advance for further time; but, as the law at once applied the usury to the debt overdue, there remained no valid consideration for the contract.

Here, however, time was given, in consideration of interest, paid in advance, covering the period of extension. The note became due the 18th of June, 1883; on the 7th of July following, McMichael obtained an extension until the 18th of July, 1883, by paying the interest for thirty days from the date of the note's maturity, at the rate of 9 per cent. per annum. On the 6th of August he paid the interest in advance at the same rate for thirty days, and the time was in consideration thereof again extended; this carried the day for payment of the note to the 18th of August, 1883. Both of these extensions were effected without the knowledge of Grayson; and it is admitted that McMichael, at the maturity of the note, had a large amount of personal and real property, from which the debt could easily have been made, but that he is now insolvent.

It is a matter of no consequence that the interest was computed and paid at a usurious rate; the excess was, of course, applicable to the debt, the same as if it had been thus intended by the parties at the time.

The distinct question which this record presents, therefore, is whether or not a contract for further time upon a matured debt on payment of the lawful interest in advance, is a contract founded in a valid consideration. Of this, we think, there can be no doubt. The payment of the interest in advance is such a payment as by the terms of the obligation the debtor is not bound to make; it is also an appreciable advantage to the creditor, and a corresponding disadvantage to the debtor, the extent of which, of course, depends upon the magnitude of the debt.

In Hartman *v.* Danner, *supra*, relied upon by the appellee as authority against the opening of this judgment, we find the following language by Mr. Justice Sharswood:—

"It may be that when there is a contract to pay interest for a specified period on a debt already due, so that the debtor, without the consent of the creditor, is thereby precluded from paying the debt and interest until the term expires, there is an appreciable benefit to the creditor, as well as injury to the debtor: Chute *v.* Pattee, 37 Maine, 102. . . . . It may appear to be a very refined technicality that a part payment on account of a debt twenty-four hours before it is due, will, and twenty-four hours after, will not, form a sufficient consideration for an agreement to extend the time. We must remember, however, that the law pays no regard to the adequacy of consideration. There must be some legal benefit to the one party or injury to the other, though it may be of the slightest kind. It must be a benefit or injury which the law can recognize and appreciate, not the performance in part or in whole of that which is already an ascertained and matured obligation."

Although payment of interest in advance is the strongest circumstance showing a renewed credit, it does not necessarily tie the hands of a creditor; if the interest is paid in accordance with a regular usage, known to the parties and acquiesced in by them, for a continuance of the loan, or if the right to sue is reserved, the surety cannot complain, as his rights are in no way invaded. But in this case the interest appears to have been paid with a view to an extension, the parties so seem to have understood it, and no right to proceed by suit was reserved.

We are of opinion, therefore, that the Court misconceived the force and effect of the ruling of this Court in Hartman *v.* Danner, Shaffer *v.* Clark, and other kindred cases, and erred in discharging the rule to open the judgment.

> The decree discharging the rule is therefore reversed, and it is now ordered that the said rule be made absolute, and that the appellee pay the costs of this appeal, and that the record be remitted for further proceedings.