## H. C. HORNER v. R. MARIETTA ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF FAYETTE COUNTY.

Argued May 12, 1890—Decided May 26, 1890.

1. A plaintiff in ejectment, who had no greater interest in the premises in controversy than a tenancy from year to year which had terminated before the issuing of his writ, has no standing to maintain his action.

2. In such case, as the plaintiff's right to recover damages depends on his right of possession at the time suit was brought, it was not error to refuse to allow him to file an additional count laying special damages.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 25 July Term 1889, Sup. Ct.; court below, No. 216 June Term 1887, C. P.

On May 9, 1887, Hamilton C. Horner brought ejectment against Rockwell, Quitman, and James M. Marietta, to recover a certain lot of land on the east side of Pittsburgh or Church street, in the borough of Connellsville, and $2,000 damages. The defendants pleaded not guilty.

At the trial on January 15, 1890, the plaintiff moved for permission to file an additional count, as follows:

" And the plaintiff by his attorney comes and says: For that he was quietly and peaceably possessed in his own right on the first Monday of June aforesaid at, etc., in the county aforesaid, of the premises aforesaid, and was carrying on, in and upon the said premises, the business, trade and occupation of a merchant tailor, which business the plaintiff had pursued and carried on as aforesaid in the premises aforesaid for a long time, until he had acquired at the said place a large trade and custom of the public which was very valuable to the plaintiff; and that he had in the said premises a large stock in trade of goods belonging to his said trade and business, and that the defendants with force and arms ejected the plaintiff from the said premises, destroying, injuring and removing the plaintiff's buildings, goods, stock in trade, good-will, custom and business, wrongfully, and to the plaintiff's damage of $5,000.

Statement of Facts.

By the court: And now to wit, January 15, 1889, the motion to amend by filing the within additional count is refused.[1]

The plaintiff's evidence was to the effect that, in 1883, the lot belonged to one Mrs. Wetherill and had on it a small frame building which was unoccupied; that the plaintiff applied to Mrs. Wetherill for permission to occupy the lot, and she referred him to her sons saying that whatever agreement was made with them would be all right; that in January or February, 1883, plaintiff concluded a parol agreement with the sons under which he removed the old building and at a cost of $500 erected a new one suitable for his business as a tailor, and agreed to pay $8 per month rent for the first year, after which the amount of the rent was to be governed by other rents in the neighborhood; that under this contract plaintiff paid his rent each month from April 1, 1883, until July, 1886; that on August 27, 1886, after having served a notice to quit in December, 1885, Mrs. Wetherill began proceedings before a justice of the peace to dispossess the plaintiff, in order to build a hotel on the lot, which was to be occupied by the defendants, and a writ of possession was subsequently granted by the justice under which plaintiff was dispossessed, and the hotel was then erected and the defendants put in possession; that, on certiorari to the Court of Common Pleas, the judgment of the justice was affirmed, but on error to the Supreme Court the judgment of the court below was reversed on February 28, 1887, and the proceedings before the justice set aside: Horner v. Wetherill, 19 W. N. 197; s. c. 6 Cent. R. 890; whereupon on May 9, 1887, the plaintiff brought this action. Plaintiff adduced evidence also of his general damages.

At the close of the plaintiff's case, the court, on motion of the defendants, entered a judgment of nonsuit, on the ground that the plaintiff's lease being in parol was good at the most for three years, only, from the time it began in April, 1883, and that the plaintiff, being without title or possession when his suit was brought, could not recover either possession or damages.[2]

A motion to take off the nonsuit having been refused, the plaintiff took this appeal, assigning for error the refusal of the court to allow him to file his additional count,[1] and the refusal of the plaintiff's motion to take off the nonsuit.[2]

*Mr. Edward Campbell*, for the appellant.

That the expenditures made by the plaintiff in execution of the parol lease took it out of the statute of frauds, counsel cited: 2 Reed on the St. of F., §§ 555, 574, 808; Syler v. Eckhart, 1 Binn. 380; Milliken v. Dravo, 67 Pa. 230; Shellhammer v. Ashbaugh, 83 Pa. 24; Dumn v. Rothermel, 112 Pa. 272; Jones v. Peterman, 3 S. & R. 547; Sugden on Vendors, 72; Rerick v. Kern, 14 S. & R. 267; Clarke v. Vankirk, 14 S. & R. 354; Moore v. Small, 19 Pa. 465; Farley v. Stokes, 1 Pars. 422, 429.

*Mr. A. D. Boyd* (with him *Mr. R. H. Lindsey*), for the appellees.

PER CURIAM:

On his own showing, the plaintiff never had any greater interest in the premises, for which this action of ejectment was brought, than a tenancy from year to year, and that terminated before the impetration of the writ in this case.

In December, 1885, plaintiff's landlady, Mrs. Wetherill, notified him to surrender possession of the premises on the 1st day of April, 1886, the end of the then current year. That notice was followed by landlord and tenant proceedings, under which he was ejected in August or September following, and since then he has never been in possession. Those proceedings were removed by certiorari to the Court of Common Pleas, and were there affirmed; but, on writ of error to this court, the judgment of the court below was reversed and proceedings set aside, without any order of restitution: Horner v. Wetherill, 19 W. N. 197. That was done in February, 1887, and three months thereafter this action of ejectment was brought against the defendants, Rockwell Marietta and others. Whether rightly or wrongly dispossessed in 1886, the plaintiff had no title on which he could maintain an action of ejectment in May, 1887, when this suit was brought. There was therefore no error in refusing to take off the judgment of nonsuit.

Plaintiff's right to recover damages in this action depended on his right of possession at the time suit was brought. The evidence fails to show that he had any such right at that time, and hence he could not have been prejudiced by the refusal of

Statement of Facts.

the court to permit him to amend. Neither of the specifications of error is sustained.

Judgment affirmed.

