## Dime Bank and Trust Company of Pittston, Appellant, v. Walsh et ux.

Argued November 13, 1940.

Before Keller,
P. J., Cunningham, Baldrige, Stadtfeld, Parker,
Rhodes and Hirt, JJ.

*M. J. Mulhall,* for appellant.

*Leo W. White,* with him *Dudley J. Scholten, Clarence M. Condon* and *Jarrett W. Jennings,* for appellees.

OPINION BY KELLER, P. J., January 30, 1941:

The plaintiff brought this action in ejectment to recover possession of a leasehold of a lot of ground in the village of Sebastopol, Jenkins Township, Luzerne County, on which a dwelling house, No. 473 S. Main Street, is erected. The lease was executed by the Pittston Company, lessee of the Pennsylvania Coal Company, the owner of the land, to the plaintiff bank on June 1, 1931, for the term of one year from April 1, 1931, and to continue thereafter from year to year until ten days' notice was given prior to the expiration of any year by either of the parties of its determination to terminate the lease at the expiration of such year. The rental was $48 per year payable quarterly in advance, and in addition, the lessee was to pay all taxes and water rents. The lease did not include the dwelling house erected on the lot, which the Pittston Company had sold to the appellees (defendants) on June 1, 1931 for $1800. It provided that any buildings erected upon the demised premises by the lessee might be removed at any time before the expiration of the lease, or afterwards by special permission of the lessor. The building was, therefore, personal property. See *First Nat. Bank v. Monarch Fire Ins. Co.,* 123 Pa. Superior Ct. 298, 300, 187 A. 69.

The deed or bill of sale for the *building* provided that the grantees—these appellees—were to *accept* from the Pittston Company a lease for the surface upon which said dwelling stood, but at the instance or request of the grantees the lease was made to the plaintiff bank instead of to the appellees, under circumstances hereinafter stated. The appellees entered into possession of the lot and house and from that time have paid the rent to the lessor and the taxes, etc., and have continued in possession ever since. No entry on the premises was ever made by the plaintiff during the term of the lease or since, nor was possession ever taken by it.

On May 12, 1931 the defendants borrowed $2600 from the plaintiff bank, giving their bond payable in one year secured by a first mortgage upon a property in the Borough of Wyoming owned by them in fee simple. As additional security for this loan, defendants executed a bill of sale to the bank of the dwelling house erected on the lot leased as aforesaid and had the lease for the land taken in its name instead of theirs.

In 1934 the defendants applied to the Home Owners' Loan Corporation, hereinafter called Corporation, for a loan to pay off their mortgage to the plaintiff bank. On February 27, 1935 the plaintiff executed a 'Mortgagee's Consent to Take Bonds' prepared by the Corporation, wherein defendants' indebtedness to plaintiff was stated to be $2776.19, and wherein plaintiff agreed to accept $1713.19 in bonds of the Corporation, and accrued interest and cash necessary for adjustment not exceeding $25, and thereupon to discharge all claims against said property; and it further represented in said 'consent', in order to induce the Corporation to refinance the loan, that it would not "require of the applicant [these defendants] any second mortgage or other instrument evidencing any portion of the aforesaid obligation *or*

*the payment of any money or any other additional consideration"* (Italics supplied).

In fulfillment of these negotiations, the Corporation delivered to the plaintiff $1713.59 in HOLC bonds, and accrued interest and cash, the plaintiff satisfied its mortgage of record and entered satisfaction on the *bond* and delivered the bond and mortgage to the Corporation or the defendants, and the defendants executed a new first mortgage to the Corporation in the principal sum of $2000.

The defendants called upon the plaintiff to return to them the bill of sale for the house and to assign and deliver to them the lease for the lot on which it stood, they having been given as additional security for the bond and mortgage which had been satisfied, but the plaintiff refused and brought this action in ejectment to obtain possession of the house and lot.

The facts were stipulated by the parties, except that the plaintiff objected 'to the admission of the evidence as to the bill of sale, etc. being given as security for the mortgage loan. Both parties asked for binding instructions. The court formally directed the jury to find a verdict for the plaintiff, reserving the defendants' point and subsequently made absolute defendants' rule for judgment non obstante veredicto and entered judgment for the defendants on the whole record. Plaintiff appealed. The judgment will be affirmed.

While it is the law in this State that ordinarily an agreement by a creditor to accept from his debtor less than the amount due him in satisfaction of the debt is without consideration and void, it is not applied to a case where the payment was made by a third party under an agreement, accepted by the debtor, that it would be received by the creditor in satisfaction of the debt: *Miller's Est.*, 279 Pa. 30, 39, 123 A. 646; *Fowler v. Smith*, 153 Pa. 639, 645, 25 A. 744. In the last named case, Mr. Justice (afterwards Chief Justice) MITCHELL,

speaking for the court said (p. 645) : "And the reason that payment of money in discharge of a larger amount presently due is not a good accord and satisfaction (*Mechanic's Bank v. Huston*, 11 W. N. 389), is that the debtor gives nothing he was not already bound to give, and the creditor receives nothing he is not already entitled to receive, and there is therefore no consideration. But if there is any advantage to the creditor the law will not weigh the adequacy of the consideration: *Hendrick v. Thomas*, supra [106 Pa. 327] ; *Grayson's Appeal*, 108 Pa. 581. In the present case the payment of money was by the defendant's mother out of her own estate on which Fowler had no claim whatever. It was therefore a new consideration from a new party and not within the rule that the receipt of a smaller sum is not a good accord and satisfaction of a larger one, and the learned judge was entirely right in charging that the facts made a good defense if believed by the jury." See also, *Nies v. Metropolitan Cas. Ins. Co.*, 317 Pa. 545, 548, 177 A. 754; Restatement—Contracts, sec. 421.

In the present case, the Corporation was concerned in securing a satisfaction of the defendants' indebtedness. Its Manual of Rules and Regulations (Chap. VI, sec. 4D(1) ) provides that "The Corporation will not refund any indebtedness where the mortgagor is required ...... to cover any assumed loss on account of acceptance of the bonds of the Corporation by the mortgagee." And the Corporation was sufficiently interested to send its representative to the trial as *amicus curiae* to help defend against the attempt of the plaintiff to set aside its accord and satisfaction. Its action in requiring a *satisfaction of the indebtedness* in connection with the refinancing of the mortgage debt was in accord with public policy as expressed in the Act creating the Home Owners' Loan Corporation. See *Anderson v. Horst*, 132 Pa. Superior Ct. 140, 143-146, 200 A.

721. The present case is wholly unlike *Keystone Bank of Spangler v. Booth,* 334 Pa. 545, 6 A. 2d 417. In that case, the debtor and his surety entered into an agreement with the mortgagee to remain bound on the balance of the original indebtedness, and the attitude and policy of the Home Owners' Loan Corporation was not established. Here, there was no revival agreement given and the attitude and policy of the Home Owners' Loan Corporation was clearly shown.

The evidence received and considered by the court was admissible. It is always competent to show by parol that personal property assigned by one person to another was assigned as security for a debt or obligation; and when the debt is satisfied, the security must be returned. The bill of sale of the house evidenced the transfer of personal property, not real estate, and when the indebtedness for which it was given as collateral was satisfied by the HOLC bonds, the plaintiff had no further title or interest in it. A trust as to personal property may be established by parol: *Gritz v. Gritz,* 336 Pa. 161, 164, 7 A. 2d 1.

(2) The court below further held, and in our opinion correctly, that as plaintiff had only a leasehold interest in the lot of land, and had never entered into possession, it could not bring ejectment to obtain possession. The history of the action of ejectment given in Blackstone's Commentaries (Book III, pp. 199-206), shows that a tenant for years must have been in possession under his lease and been ousted before he can bring ejectment. In fact, a *lessee* did not become a *tenant for years,* until after he entered "by force of the lease": Littleton's Tenures (Edited by Wambaugh), Book I, chap. VII, p. 26. If he never entered into possession, and is prevented from doing so, his remedy is against his landlord for not admitting him to the possession: *Davis v. Hartel,* 56 Pa. Superior Ct. 557, 560, 567. This rule is still in force in Pennsylvania

except as to leases of oil, gas and other minerals, which, as they are not merely leases for occupancy and use, but carry with them the title to the minerals and the right to remove them, are put in a different category: *Barnsdall v. Bradford Gas Co.*, 225 Pa. 338, 345, 74 A. 207; *Sennett v. Bucher*, 3 P. & W. 392; *Williams v. Downing*, 18 Pa. 60, 63; *Davis v. Hartel*, supra, p. 560.

The citation in appellant's brief from Trickett on Landlord and Tenant (p. 340, sec. 403), published in 1904, either failed to distinguish between leases for occupancy and use and leases for the removal of minerals, or it is not in accord with the later statement of the Supreme Court (MESTREZAT, J.) in *Barnsdall v. Bradford Gas Co.*, supra, p. 345 (1909), as follows: "We are aware of the rule at common law which in the case of an *ordinary lease* requires the lessee to have been in possession of the premises before he can maintain ejectment against anyone who had ousted him. *That is the rule recognized and followed in this state where real property is demised for the purpose of occupancy and use* by the tenant." (Italics supplied). *Irwin v. Hoffman*, 319 Pa. 8, 179 A. 41, cited by appellant, and *Karns v. Tanner*, 66 Pa. 297, were based on leases for oil and gas. And in *Stofflit v. Troxell*, 8 W. & S. 340, it was held that the owner of land, having leased it to a tenant, who entered into possession (see p. 341), could not bring ejectment during the term of the lease. The discussion in the opinion, therefore, related to the right of an *owner* of land to maintain ejectment.

(3) Furthermore, the term of the appellant's lease was for *one year from April 1, 1931.* While the lease provided for a continuance thereafter from year to year, that provision could only apply to a tenant *in possession* at the time the clause was to take effect, to wit, ten days before the expiration of the term. As a matter of fact, the defendants who were in possession and occupancy of the lot during the term of appellant's lease,

by remaining in such possession after April 1, 1932, became tenants of the premises from year to year and were recognized as such by the landlord, Pittston Company. Appellant's lease having expired by failure to enter into possession during its prescribed term, it cannot bring ejectment after its expiration: *Horner v. Marietta*, 135 Pa. 418, 420, 19 A. 1029; and the building being personal property, ejectment would not lie for it apart from the ground leased: *Keystone Coal Co. v. Williams*, 216 Pa. 217, 65 A. 407; *DuBree, Admrx. v. Albert*, 100 Pa. 483.

The judgment is affirmed.