## Walsh v. Miles

700

*B. V. O'Hare*, for plaintiff.

*Frank A. Gallagher*, for defendant.

CURRAN, J., April 26, 1948.—Plaintiff filed an action in ejectment and filed complaint and an abstract of title.

Preliminary objections were filed to the original complaint and an amended complaint was filed by plaintiff. Thereafter, preliminary objections were filed to the amended complaint.

Four specific objections were filed, the first two of which may be considered together, the third having been abandoned at the time of argument. Two questions are raised by the preliminary objections. First, as to the sufficiency of the verification of the complaint, the amended complaint as filed contains the following affidavit:

"Commonwealth of Penna. ⎱ ss.
"County of Schuylkill ⎰

"Personally appeared John J. Lawlor, who being duly sworn according to law deposes and says he has personal knowledge of the facts set forth in the foregoing Complaint and that they are true and correct; that he takes this affidavit on behalf of plaintiff for reason she is outside the jurisdiction of the Court and cannot be reached in time."

Defendant urges the insufficiency of the affidavit and cites in support of his position the case of Hutchinson v. Woodwell, 107 Pa. 509. There, the appeal was taken from the Court of Common Pleas of Allegheny County, and Justice Mercur held the affidavit to be

insufficient under Rule 13 of the Court of Common Pleas of Allegheny County, which provides:

"All affidavits required by these Rules may be made by the party or his agent."

Our rule of court, however, is not identical with Rule 13 of the Court of Common Pleas of Allegheny County, above recited. We are governed by Rule 128 of the Rules of the Court of Common Pleas of Schuylkill County, which recites as follows:

"It shall be sworn to by the plaintiff or some person having knowledge of the facts, and, if there be an attorney, it shall be signed by this attorney. . . ."

An examination of the affidavit contained in plaintiff's amended bill of complaint discloses that it conforms with the provisions of Rule 1024(c) of the Rules of Civil Procedure. While it would seem that it may have been better if the affiant had set forth his authority or agency in the affidavit, yet our rules of court do not require that such be done, nor does Pa. R. C. P. 1024(c) so require it.

The second objection is in the nature of a demurrer and is based upon the premise that the action here is for the recovery of a leasehold interest, which is personal property, and that the subject matter of the suit, to wit, a dwelling house erected on leased ground is personal property and, therefore, not the subject of an action in ejectment. If the action were for the recovery of a building or dwelling located on leased ground, and that alone, the position taken by defendant would be a correct one. However, the abstract of title filed by plaintiff seeks the recovery of land as described in the abstract (Exhibit A), in addition to the dwelling house erected on the land, the land being described in the abstract as a leasehold interest held by plaintiff from the Girard Estate, City of Philadelphia, trustee, real owner. It would further appear that plaintiff was in possession of the land and dwelling by virtue of the lease from August 20, 1935, until Febru-

ary 14, 1942, at which time plaintiff complains that defendant illegally and unlawfully took possession of the land and dwelling.

The case before us is distinguished from the case of Dime Bank v. Walsh et ux., 143 Pa. Superior Ct. 189, 17 A. (2d) 728, in the following respect: The suit here is for the recovery of land and a dwelling house, and plaintiff was in possession under a lease from the real owner at the time it is alleged that defendant unlawfully deprived plaintiff of possession. In the case cited, Dime Bank v. Walsh, supra, plaintiff never entered into possession under its lease from the real owner, and defendants were in possession of the land sought to be recovered in the action of ejectment during the entire term of plaintiff's lease.

An action in ejectment may be brought upon the right to an estate for years if there be a right of entry and possession in plaintiff: Dice v. Reese, 342 Pa. 379, 21 A. (2d) 89.

And now, to wit, April 26, 1948, preliminary objections are overruled.