## Sun Oil Company v. Merlino et ux.

*James Gregg, M. Lamproplos* and *V. R. Smith,* for plaintiff.

*Fred B. Trescher* and *Aura Pershing,* for defendants.

COPELAND, J., February 1, 1954.—Defendants in this action have filed a motion to dismiss plaintiff's bill for lack of jurisdiction by a court of equity and because plaintiff's remedy is in ejectment and not in equity.

Plaintiff asked the court to give plaintiff possession of certain leased property as lessee from defendants and to enjoin defendants from interfering with plaintiff in the normal operation of plaintiff's business in the operation of a gasoline service station on the premises.

The present question before the court is whether or not plaintiff's bill sets forth a cause of action which would give a court of equity jurisdiction to decree specific performance of a lease. The lease was entered into October 19, 1950, by defendants as lessors and plaintiff as lessee and is for the term of 15 years. The lease was recorded on January 9, 1951, in deed book, volume 1397, page 382. In accordance with the

terms of the lease, defendants constructed on the premises a service station building of a design furnished by plaintiff. This building was substantially completed on or about February 1952. Plaintiff, according to the terms of the lease, installed at the service station, certain equipment and has fully performed its obligations and duties under the lease. During February 1952 plaintiff requested possession of the premises, but defendants have failed and/or refused to give possession to plaintiff. The bill also alleges irreparable harm, which cannot be compensated for by money damages, for the reason that the premises are of unique value to plaintiff in that they constitute a special and irreplaceable outlet for the distribution of plaintiff's product in the vicinity.

The court is of the opinion that to require plaintiff to rely upon an action of ejectment would not give plaintiff a sufficient and adequate remedy. In the case of Dime Bank and Trust Company of Pittson v. Walsh et ux., 143 Pa. Superior Ct. 189, the court held that a tenant for years of real property, demised for the purpose of occupancy as distinguished from an oil, gas or mineral lease, must have been in possession of and be ousted in order to bring ejectment. The same rule is recognized in Barnsdall v. Bradford Gas Co., 225 Pa. 338, 345. As late as 1951, the Supreme Court said in Taylor v. Kaufhold, 368 Pa. 538, 543: "The law is not clear as to whether ejectment would lie by a tenant who had never been in possession".

An action for damages in this case would not be an adequate remedy at law for several reasons. First, the lease in question contains an option to the lessee to purchase the premises at the end of five years from the date of the lease. Second, there is no means of determining the loss to plaintiff by reason of its inability to operate a gasoline station on this particular

piece of real property. See Ralston v. Ihmsen, 204 Pa. 588.

In the present case, there is no dispute but that the ownership of the fee in these premises is in defendants, and there is no dispute but that the lease in question as recorded was a valid lease. Neither counsel nor court have been able to find any case in the Pennsylvania appellate courts which decides that a lessee is entitled to specific performance of an executed lease. However, in other jurisdictions, specific performance has been approved: Temple Enterprises v. Combs, 164 Ore. 133, 100 P. 2d 613; Bauer v. Bauer, 136 Neb. 329, 285 N.W. 565.

Since a valid lease for a term of years conveys an interest in land, there can be no valid distinction between an agreement for the sale of land and a lease. Equity courts in Pennsylvania have granted specific performance of covenants in a lease (Edison Illuminating Company v. Eastern Pennsylvania Power Company, 253 Pa. 457); have enjoined interference with the possession of a lessee (Sabatino against Donatelli, 19 Northamp. 18), and have decreed specific performance of a contract to lease: Farley v. Stokes et al., 1 Phila. 30. This court is of the opinion that a court of equity can decree specific performance of a lease in a proper case as well as a court of law can give damages for the breach.

For the reasons stated, the motion to dismiss plaintiff's bill will be refused.

## Decree

And now, February 1, 1954, it is ordered and adjudged that the motion to dismiss plaintiff's bill is refused.