## Pavlow v. DiFabio

*S. Stanton Miller, Jr.,* for plaintiff.
*John B. Lynch,* for defendants.

CATANIA, J., March 8, 1972.—This matter comes before the court on a petition filed by defendants requesting the dismissal of a writ of possession for real property which was filed by plaintiff. Defendants allege in their petition that plaintiff purchased the premises at sheriff's sale held on June 27, 1969, but that a sheriff's deed to plaintiff has not been recorded. The writ of possession was issued and served upon defendants, after formal ejectment proceedings were begun as a result of the default of defendants in payment of rent to plaintiff, as provided under a lease agreement entered into by the parties on June 29, 1969, for the premises formerly owned by the defendants and purchased by plaintiff at sheriff's sale on June 27, 1969. Defendants defaulted upon said lease agreement in

March 1970, and thereafter have refused to pay any rent. Testimony was taken during a miscellaneous testimony hearing on May 19, 1971.

On October 7, 1971, we issued an order dismissing defendants' petition.

It has been well settled that a purchaser of land at a sheriff's sale acquires an inchoate title in the land so purchased by virtue of his bid and its acceptance by the sheriff: Penn S. V. R. Co. v. Cleary, 125 Pa. 442. Such a purchaser acquires the right, title and interest of the debtor in the property purchased at a sheriff's sale: Reed's Appeal, 13 Pa. 475. The title to the property obtained by a purchaser at a sheriff's sale has been held to be sufficient to support an action instituted by the purchaser to recover possession of the property: Lesher v. Leiser, 4 Walk. 378. Indeed, the sheriff's return pursuant to a sale has been determined to be sufficient indicia of title in a purchaser to pass a leasehold interest to a third party: Sowers v. Vie, 14 Pa. 99; Williams v. Downing, 18 Pa. 60.

The acknowledgment and delivery of the sheriff's deed, after a sale has taken place, provides the purchaser merely with evidence of his title, which relates to, and takes effect as of, the date of the sale. It has, therefore, been held that there could be no objection to an action by a purchaser at a sheriff's sale to recover for damages to the land so purchased, where the sheriff's deed was not acknowledged and delivered until after the action was instituted: Penn S. V. R. Co. v. Cleary, supra.

In the situation where a purchaser at a sheriff's sale brings an action in ejectment and the sheriff's deed has not yet been recorded, the action can be held to be valid upon the ground that the title, as expressed in the sheriff's deed, relates back to the date of the sale and not the time when the deed is made, legal title

158

being vested from the date of the sale: Hoyt v. Koons, 19 Pa. 277.; Smith and Wise v. Grim and Giltner, 26 Pa. 95; Penn S. V. R. Co. v. Cleary, supra. Recordation of the sheriff's deed goes to the issue of title itself as being vested in the purchaser at the sheriff's sale.

It is for these reasons that we dismissed defendants' petition.