## Sleek & Blackburn *versus* Turner's Assignee.

1. Turner, October 21st 1871, gave Sleek for value a judgment-note, on which he entered judgment February 26th 1872; an execution issued March 11th and his personal property was levied on; April 10th his creditors filed a petition of bankruptcy against him; April 11th his personal property was sold by the sheriff; he was adjudged a bankrupt and an assignee appointed July 5th; the proceeds of sheriff's sale were brought into court: *Held*, the note having been given four months before the proceedings in bankruptcy, that Sleek's judgment was not in fraud of the Bankrupt Law and was entitled to be paid from the proceeds of the sheriff's sale.

2. Turner being passive in the entry of the judgment and the issuing of the execution, had not given Sleek a preference; the case was no stronger than it would have been if judgment had been obtained in a suit on a plain note, no defence being interposed.

3. Mere passive non-resistance in an insolvent debtor will not, under the Bankrupt Laws, invalidate a judgment and levy on his property when the debt is due and he has no defence.

4. Though such judgment-creditor may know the insolvency of the debtor, his levy and seizure are not void, nor any violation of the Bankrupt Law.

May 14th 1874.   Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Somerset county:* No. 101, to May Term 1874.

This was a feigned issue framed July 29th 1872, between A. J. Colborn, assignee in bankruptcy of Lewis A. Turner, against Sleek & Blackburn, to try the validity of a judgment entered February 26th 1872, No. 31, to May Term 1872, in favor of Sleek & Blackburn against Lewis A. Turner. The judgment was entered on a note dated October 24th 1871 for $204, payable in sixty days, with warrant of attorney to confess judgment. The note was given for a debt which had been due for some time to Sleek & Blackburn. They issued a fi. fa. on their judgment March 11th 1872. Under this execution the sheriff levied on the personal property of Turner. On the 10th of April 1872, some of the creditors of Turner petitioned the District Court of the United States to have him adjudged a bankrupt. On the 11th and 12th of April the sheriff sold Turner's personal property. Turner was afterwards adjudged a bankrupt, and on the 5th of July 1872 Colborn, the plaintiff in the issue, was appointed his assignee. On the 19th of July the proceeds of the sheriff's sale, $2206.39, were paid into court.

The question in the issue was whether, under the facts in the case, the judgment was in fraud of the 35th section of the Bankrupt Law of March 2d 1867. The section enacts:—

"If any person, being insolvent, or in contemplation of insolvency, within four months before the filing of the petition by or against him, with a view to give a preference to any creditor or person having a claim against him or who is under any liability for him, procures any part of his property to be attached or seized

[Sleek *v.* Turner.]

in execution, or makes any pledge, assignment, transfer or conveyance of any part of his property, either directly or indirectly, absolutely or conditionally, the person receiving such payment, pledge, assignment, transfer or conveyance, or to be benefited thereby, or by such attachment, having reasonable cause to believe such person is insolvent, and that such attachment, payment, pledge, assignment or conveyance is made in fraud of the provisions of this act, the same shall be void, and the assignee may recover the property, or the value of it, from the person so receiving it or so to be benefited." * * *

The foregoing facts appeared on the trial of the case May 6th 1873, before Hall, P. J., who refused the following point of the defendants :—

"If the note, on which the defendants' judgment was entered, was given for a valuable consideration more than four months before the commencement of the proceedings in bankruptcy against L. A. Turner, then the judgment and fi. fa. issued thereon are valid, although the judgment was entered and fi. fa. was issued within four months of the commencement of said proceedings in bankruptcy, and the verdict must be for the defendants."

He further charged :—

* * * "It seems to be settled that the note with the warrant of attorney for the confession of judgment was merely an evidence of debt, which first became effective as a transfer to give preference when it was entered on the 26th of February, with a view to execution, which was issued on the 11th of March. When this entry of judgment and execution and levy are made within the four months before the petition of bankruptcy, the preference thus given is invalid, although the judgment-note was given more than four months before.

"The allegation is that the preference of the creditor, which the law forbids, was made effective by the entry of the judgment-note, followed by the execution, levy and sale, and the inception of the transfer in avoidance of the act was the entry of the judgment. That, therefore, becomes the point of time to which your inquiry, as to the existence of reasonable cause for belief of insolvency, is to be directed." * * *

The verdict was for the plaintiff.

The defendants took a writ of error, and assigned for error the charge and the refusal of their point.

*A. H. Coffroth* (with whom was *W. H. Koontz*), for plaintiffs in error, referred to the 35th section of the Bankrupt Act; Holl *v.* Deshler, 21 P. F. Smith 301.

*J. Kimmel* and *A. J. Colborn,* for defendant in error, cited Terry *v.* Weaver, 4 Bank. R. 33; In re Dibble, 2 Id. 185.

[Sleek *v.* Turner.]

Mr. Justice SHARSWOOD delivered the opinion of the court, May 25th 1874.

This was a feigned issue in the court below to determine the validity of a judgment entered upon the 26th day of February 1872, upon a judgment-note executed by Lewis A. Turner for the sum of $204, on the 21st October 1871, for a just debt owing by him to Sleek & Blackburn. It was payable in sixty days. On the 10th April 1872 certain creditors of Turner presented a petition to the District Court of the United States for the Western District of Pennsylvania, to have Turner adjudicated a bankrupt. Under these proceedings an assignment was made to the plaintiff below on July 5th 1871, and the fund in court having been raised under an execution upon the judgment, the assignee came in and claimed the money on the ground that the judgment was a fraudulent preference, and void under the thirty-fifth section of the Bankrupt Law, the Act of Congress of March 2d 1867. This section provides that "if any person, being insolvent, or in contemplation of insolvency, within four months before the filing of the petition by or against him, with a view to give a preference to any creditor or person having a claim against him, or who is under any liability for him, procures any part of his property to be attached or seized in execution, or makes any pledge, assignment, transfer or conveyance of any part of his property, either directly or indirectly, absolutely or conditionally, the person receiving such payment, pledge, assignment, transfer or conveyance, or to be benefited thereby, or by such attachment, having reasonable cause to believe such person is insolvent, and that such attachment, payment, pledge, assignment or conveyance is made in fraud of the provisions of this act, the same shall be void, and the assignee may recover the property or the value of it from the person so receiving it or so to be benefited."

On the trial of the feigned issue, the learned judge was requested to charge the jury "that if the note on which the defendants' judgment was entered was given for a valuable consideration more than four months before the commencement of the proceeding in bankruptcy against L. A. Turner, then the judgment and fi. fa. issued thereon are valid, although the judgment was entered and fi. fa. was issued within four months of the commencement of said proceedings in bankruptcy, and the verdict must be for the defendants." This point the learned judge refused to affirm, but, on the contrary, instructed the jury that when the entry of judgment and execution and levy are made within the four months before the petition of bankruptcy, the preference thus given is invalid, although the judgment-note was given more than four months before. In this we think there was error, and as it was an error which ran through and infected the whole charge, it will be unnecessary to consider the other assignments.

[Sleek *v.* Turner.]

It is clear that Turner did not procure the judgment to be entered on the 26th of February 1872, within four months of the filing of the petition. As to that entry he was entirely passive. He had made and delivered the judgment-note on October 4th 1871, more than four months before the petition, for an honest debt, to which he could interpose no defence. He was entirely passive so far as the entry of the judgment and the issuing of the execution were concerned. How then could he be said in any sense to have procured the judgment and execution, and thereby given the defendants a preference? Had the note been a simple note, and the defendants had commenced suit upon it, and in due course obtained judgment for want of a plea or affidavit of defence, the case would have been no stronger. The Supreme Court of the United States have decided that something more than passive non-resistance in an insolvent debtor is necessary to invalidate a judgment and levy on his property when the debt is due and he has no defence: Wilson *v.* The City Bank of St. Paul, 31 Leg. Int. 29. It was held also in that case that, though the judgment-creditor may know the insolvent condition of the debtor, his levy and seizure are not void under the circumstances, nor any violation of the Bankrupt Law. We regard this decision as directly in point, and are bound to receive it as an authoritative exposition of the Act of Congress by the highest tribunal in the land invested by the Constitution with the power of deciding such questions in the last resort.

Judgment reversed, and a *venire facias de novo* awarded.