## Gamble, Appellant, *v.* Elkin.

*Bankruptcy—National bankrupt act—Preference—Knowledge of insolvency—Affidavit of defense.*

Under the national bankruptcy law, a preference is voidable by the trustee in bankruptcy if the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference. This involves knowledge upon the part of the person receiving the preference, of the insolvency of the bankrupt.

In an action by a trustee in bankruptcy against a person alleged to have received a preference from the bankrupt, where the statement alleges that the defendant knew that the bankrupt was insolvent at the date of the alleged preference, an affidavit of defense is sufficient which explicitly denies knowledge upon the part of the defendant, or agents, of the insolvency of the bankrupt, and reasonable cause to believe that the transaction was intended to create a preference.

Argued Jan. 20, 1902. Appeal, No. 285, Jan. T., 1902, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1901, No. 4127, discharging rule for judgment for want of a sufficient affidavit of defense in case of Robert G. Gamble, Trustee of Hugh B. McKean, a Bankrupt, *v.* Mark Elkin et al., trading as Elkin & Company. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit by a trustee in bankruptcy to recover the amount of an alleged preference.

The record disclosed a statement of claim and two amended statements of claim. Five affidavits of defense were filed to the various statements of claim.

The statements of claim in substance set out that the defendants and their agent well knew and had reasonable cause to believe that the transaction, of which complaint was made, was intended to give defendants a preference, and that the defendants and their agent knew that the bankrupt was insolvent.

Defendants in their affidavits of defense denied knowledge that the bankrupt was insolvent, and that the transfer was for the purpose of giving them a preference.

The court discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Ira Jewell Williams*, for appellant.—Payments of money are transfers of property within the meaning of the act: Pirie v. Chicago Title & Trust Co., 182 U. S. 438 (21 Sup. Ct. Repr. 906).

The act of 1898 makes the result obtained by the creditor and not the specific intent of the debtor, the essential fact: Tredway v. Kaufman, 21 Pa. Superior Ct. 256.

The defendants are chargeable with the knowledge of an agent because having obtained the fund through the action of their agent they must take the transaction cum onere: Sunbury Fire Insurance Co. v. Humble, 100 Pa. 495; New Era Life Ins. Assn. v. Weigle, 128 Pa. 577; Custar v. Titusville Gas & Water Co., 63 Pa. 381; Dettra v. Kestner, 147 Pa. 566; Howard v. Turner, 155 Pa. 349.

*Julius C. Levi*, for appellee.


OPINION BY MR. JUSTICE POTTER, March 23, 1903 :

Recovery is sought in this case upon the ground, as set forth in the statement of claim, that the defendants obtained from Hugh B. McKean a preferential transfer of certain assets, within four months of the time of the filing of a petition in bankruptcy against the said McKean.

Under the national bankruptcy law, such a preference is voidable by the trustee in bankruptcy if the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference.

The plaintiff's right to recover, therefore, depends upon his ability to prove, not merely that the transaction was a preference, but that the defendants or their agents had reasonable cause to believe that it was intended as such. This involves knowledge upon the part of the defendants of the insolvency of the bankrupt.

The statement of claim, therefore, consistently charges that at the date of the transaction the defendants knew, and had reasonable cause to believe that at that time, and for a long time prior thereto, the said Hugh B. McKean was insolvent.

The affidavit of defense squarely meets and contradicts this essential averment. It denies knowledge of the fact of the insolvency at the time of the transfer. It avers that neither of the Dennys referred to in plaintiff's statement were acting as the agents for the defendants; it avers that the transaction was conducted in entire good faith and with no intention to obtain any advantage or priority over any other creditor, in violation of the bankruptcy law. It denies knowledge that the assets so transferred were the whole of the bankrupt's assets.

The record shows a plethora of statements of claim and of affidavits of defense. This was perhaps owing in part to the lack of candor upon the part of defendants with regard to the constituency of their firm. But in the last of the series of affidavits of defense, while there is an apparent misprint, yet as we understand it, the sweeping averment is made that neither the defendants nor any of their agents had knowledge of the insolvency of the bankrupt McKean. But in any event, in view

of the numerous, and as we think, sufficiently explicit denials by the defendants, of all knowledge upon the part of themselves or agents, of the insolvency of McKean, and of reasonable cause to believe that it was intended to create a preference, the court below could not properly have refused to discharge the rule.

The judgment is affirmed.