# Keystone Coal Company v. Williams, Appellant.

*Ejectment—Judgment—Confession of judgment—Lease—Title to personal property—Habere facias possessionem.*

Personal property cannot be subjected to lien except by execution. It cannot be seized under a writ of habere facias possessionem and delivered to the plaintiff in the writ.

Where a judgment is confessed under an ejectment clause in a lease, and in the confession, reference is made to certain personal property, and subsequently on a return to a writ of habere facias possessionem the sheriff includes such personal property in his return, the defendant in the execution and his trustee in bankruptcy have no standing to have the judgment opened, and the writ set aside as to the personal property. In such a case the confession of judgment and the service of a writ were ineffectual to pass title to the personal property. The defendant's remedy is by a common-law action, and such remedy is unaffected by anything that the plaintiff may have done in the ejectment proceedings.

Argued Oct. 9, 1906. Appeal, No. 19, Oct. T., 1906, by defendant, from order of C. P. Somerset Co., May T., 1904, No. 62, discharging rule to open judgment and set aside execution in case of Keystone Coal Company v. N. Winslow Williams, trustee in bankruptcy of the Continental Coal Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Rule to open judgment and set aside execution.

KOOSER, P. J., found the facts to be as follows :

An amicable action and confession of judgment was entered April 27, 1904, to the above number and term, upon the authority of two warrants of attorney contained in two separate agreements called " leases," which granted defendant company the right to mine and remove " all the unmined portion " of two different seams of coal, severally described in said agreements. These warrants authorize any attorney of any court of record of this commonwealth to appear and confess judgment in ejectment against defendant company for breach or nonperformance of either of the said contracts and thereupon to cause to be issued a writ of habere facias possessionem to put the lessors or their successors in possession " of the said demised premises, with the appurtenances, etc.," with the

further proviso that said judgment in ejectment should not prevent the lessor from proceeding to recover " rent or royalty due by distress or otherwise, and that it should not bar lessor from an action for damages for any loss sustained by any breach of the terms of the leases."

These agreements bear date of April 28, 1899, and November 1, 1899, and of course these are also the dates of the warrants of attorney. The first is recorded in recorder's office, Somerset, Pennsylvania, in volume 99, page 87. It has not been made to appear if the second is recorded or not.

On May 5, 1899, between the dates of said two agreements, the defendant company received a letter signed " Keystone Coal Co., J. E. Baker, Secy." in these words :

" This is to certify that you are to have the privilege of removing all the machinery and buildings that you erect to cover your machinery on our property at the expiration of your lease dated a few days ago."

Alleging a breach of the agreements Messrs. Coffroth & Ruppel, on April 27, 1904, appeared and confessed judgment in ejectment against defendant company for the land described in the judgment, adding to the confession " It being understood that in accordance with the terms of said agreements the plaintiff seeks to recover only the coal of the said " ten foot or big seam," and the coal of the " Little Pittsburg seam " on the tract above described, and such surface and surface privileges as were granted, taken, used or occupied by the defendant in carrying on its mining operations on said tract of land with all railroad tracks, chutes, mine tracks, mining machines, air tanks, air pipes, pumps, rope haulage, fixtures, weigh sheds, scales, air fans, cars, tipples, railroad siding, blacksmith shop, engines, boilers, engine houses, oil sheds, pump houses, water tanks, and other buildings, structures or fixtures of any kind or character used in connection with the mining operations of said mines or said seams of coal."

Same day a writ of habere facias possessionem was issued describing the land by courses and distances, and as containing 230 acres strict measure, and reciting as above : " It being understood, etc."

April 28, 1904, the sheriff returns that he caused plaintiff company " to have possession of the lands, coal, premises, coal

tracks, chutes, mine tracks, and other property and rights therein mentioned and specified with appurtenances.   As to the costs on said writ I return the same nulla bona."

Thus the matter rested until the petition on which these proceedings are based was presented September 14, 1904.

On August 12, 1904, the defendant company was adjudged an involuntary bankrupt on petition presented in the district court of the United States for the district of Maryland, and as appears by the petition Andrew J. Clarke and N. Winslow Williams were same day duly appointed receivers in bankruptcy of the said company.

September 14, 1904, they presented their petition to this court praying that we " open and set aside the said judgment in so far as it relates to the said personal property " and that we " set aside the habere facias possessionem as to the said personal property."

The court, passing upon the title to the personal property as raised by these proceedings, discharged the rule.

*Error assigned* was in discharging the rule.

*W. H. Koontz*, with him *J. G. Ogle*, for appellant.

*W. H. Ruppel*, for appellee.

OPINION BY MR. JUSTICE STEWART, January 7, 1907 :

By the execution of a writ of habere facias possessionem, certain property claimed by appellant to be personalty, and to belong to him as trustee in bankruptcy of the defendant in the writ, passed into the hands of the appellee.   It included railroad tracks, chutes, mine tracks, mining machines, air tanks, air pipes, pumps and a number of other articles used in connection with mining operations.   It was recited both in the confession of judgment by warrant of attorney in the action of ejectment, and in the writ under which premises and property were delivered over to the plaintiff, that these enumerated articles were included in plaintiff's claim for which recovery was sought.   Because of this recital and demand in the confession and writ, proceedings were commenced in the court below to have the judgment and writ set aside, so far as either

related to the disputed property. In answer to the rule granted, the plaintiff denied the defendant's ownership of the property, and averred that it constituted part of the estate which was the subject of the ejectment action, and as such passed with the estate. The court proceeded to consider and pass upon the issue thus raised, and, concluding that the contention of the plaintiff was correct, discharged the rule. This appeal followed.

The case shows a clear misapprehension as to the effect of the court's action; just as the original proceeding shows a misapprehension as to the effect of the recitals in the confession of judgment and in the writ. If in point of fact and law the property was personalty, neither judgment, writ nor sheriff's return could make it anything else. If personalty, it could not be subject to lien except by execution; and the judgment in the case affords no basis for any process by which it could be seized except for costs, and such process was not attempted. The writ of habere facias possessionem could not, by anything the plaintiff might do, be enlarged to include anything but the premises, the right of possession of which was adjudged to be in the plaintiff. The delivery to the plaintiff of the premises recovered in the ejectment, was no delivery in law of the personal property upon the premises. Such property with respect to its ownership remained as before. If it belonged to the appellant, no matter how, whether by purchase by the lessee whose estate he represents, or by agreement between the latter and his lessor, his right to recover the same through a common-law action remained unaffected by anything that was done. With the issue attempted to be raised by the appellees' answer, the court had nothing to do. The proceeding is not one in which the ownership of the property could be adjudicated; and the findings of the court with respect to it are nugatory. We do not feel called upon to review further the action of the court in discharging the rule, since in no possible aspect could such refusal work prejudice to the appellant. If the latter wants to assert ownership to the property, it may do it in the one way that was open before this proceeding was begun, unprejudiced by anything in the record.

The appeal is dismissed, at the costs of the appellant.