Hertzler, Trustee in Bankruptcy,
Appellant, *v.* Nissly.

Argued November 27, 1928. Before FRAZER, WALL-ING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*B. J. Myers,* of *Zimmerman, Myers & Kready,* with him *John E. Malone* and *John A. Coyle,* for appellant.— The transfer of stock constituted a preference by the bankrupt in favor of his wife and is voidable.

The transfer of stock by the husband to his wife was made with the intent and purpose on his part to hinder, delay and defraud his creditors: Billington v. Sweeting, 172 Pa. 161; Sutton v. Guthrie, 188 Pa. 359; Wilson v. Silkman, 97 Pa. 509; Shaver v. Mowry, 262 Pa. 381.

Knowledge of his insolvency by E. L. Nissly, agent, constituted knowledge of his insolvency on the part of his wife and principal: Clarke v. Rogers, 228 U. S. 534.

*Benjamin C. Atlee,* with him *William C. Rehm,* for appellee.—Plaintiff, appellant, seeks a statutory remedy, and therefore strictly must comply with the statutory requirements before his action can prevail; hence the burden of proving all of his case rested on appellant who has not met that burden: Keystone Brewing Co. v.

Schermer, 241 Pa. 361, 365; Warner v. Bank, 19 Fed., 2d., 947; Cherry v. Union Nat. Bank, 87 Pa. Superior Ct. 114, 118; Schwartz's App., 291 Pa. 463; Fourth Bleucher B. Assn. v. Halpern, 270 Pa. 169; Shaver v. Mowry, 262 Pa. 38.

No agent who is acting in his own antagonistic interest, or has committed a fraud by which his principal is affected, can be presumed to have disclosed such fraud: National Union Fire Ins. Co. v. Bank, 276 Pa. 212.

To establish a preference it must appear defendant had reasonable cause to believe a preference was intended: Rudisill v. Wildasin, 275 Pa. 255.

OPINION BY MR. JUSTICE SADLER, January 7, 1929:

Lizzie R. Nissly, defendant in this proceeding, inherited from her uncle, in 1903, the sum of seven thousand dollars, and, in 1908, admittedly acquired from the estate of her father two farms in Lancaster County, which, until the time of the insolvency of her husband, had been superintended by him without formal accounting for the net proceeds. She demanded payment of sums due as a result of his management of the separate estate, and, on December 31, 1925, received from him a check for three thousand dollars in part payment. On the same day, as found by the chancellor, though the formal assignment is dated one week earlier, she purchased from him sixty shares of the capital stock of the Florin Water Company, having a market value of $2,700, and gave her check for this amount, which was deposited to the husband's individual account. At the time of the payment to her for moneys due, and the acquiring of the shares mentioned, Nissly knew that financial difficulties threatened, but of this fact, the court has found, the wife was ignorant.

The husband was a member of a firm which had become involved, and, on January 8, 1926, the creditors of the partnership met to discuss what steps would be taken for their mutual protection. From this fact, the knowledge as to the true condition of his assets and liabilities

ten days earlier may be presumed, as held by the chancellor, but of this situation the wife was actually unaware. It is true that the principal is bound by the knowledge acquired by the agent in the course of employment (Chestnut St. T. & Saving Fund Co. v. Record Publishing Co., 227 Pa. 235), but not when secured in the course of other independent transactions: Fourth Bleucher B. Assn. v. Halpern, 270 Pa. 169; Gilkeson v. Thompson, 210 Pa. 355; B. & P. Ry. Co. v. American Bangor Slate Co., 203 Pa. 6. There is no inference of the conveyance of essential information by the agent to the principal when the acts of the former are antagonistic or fraudulent as to the latter, for in such case the law does not assume that the knowledge possessed will be imparted: National Union F. Ins. Co. v. Mellon Nat. Bank, 276 Pa. 212, 222; United Security L. Ins. Co. v. Central Nat. Bank, 185 Pa. 586; Dominion Trust Co. v. Hildner, 243 Pa. 253. The rules suggested apply likewise where the parties bear the family ties here disclosed. "The mere relation of husband and wife cannot authorize the imputation of his knowledge to her": 30 C. J. 626. In the present case Mrs. Nissly had no personal knowledge of threatened insolvency, nor can that of the husband bind her with notice of the true state of affairs.

No adjustment of the difficulties of Nissly & Sons resulted from the conference of creditors on January 8th, already referred to, and the result was the presentation, on February 23d, of an involuntary petition in bankruptcy, followed by an adjudication of insolvency on April 21, 1926. The schedules then filed showed the partnership to be indebted in sums largely in excess of its assets, though the husband, also declared insolvent, claimed, in his individual report, to be financially sound. The trustee appointed in both cases converted part of the property, and paid certain dividends, but the amount so far received has been insufficient to satisfy the claims of creditors in full.

On January 9, 1928, the trustee filed a bill in equity, the basis of the present controversy, averring that the transfer of the Florin Water Company stock was made to the defendant, Mrs. Nissly, "for the purpose of hindering, delaying and defrauding the creditors of his estate, and for the purpose of knowingly and fraudulently concealing property belonging to the bankrupt estate." The retransfer of the stock was asked, and, in the meantime, the restraint of the exercise of dominion by the wife over the same. No allegation is made that the payment of the $3,000 by the husband to her, previously noted, was on account of preëxisting indebtedness, and within four months of the filing of the petition, and therefore preferential and voidable.

The case was heard by the chancellor, who found that Mrs. Nissly had a separate estate in the hands of her husband as manager, that the sum of $3,000 was due when paid, that she did not then know he was financially involved, and purchased, in good faith, for the full consideration of $2,700, the stock standing in the name of her husband, which was transferred to her on the books of the corporation. These findings of the trial judge, supported as they are by competent evidence, are binding here, and the only matter to determine on this appeal is the correctness of the legal conclusion, made by the court below, that, under the circumstances disclosed, the bill must be dismissed.

This was not an attempt to recover a preferential payment made by the bankrupt within four months of the filing of the petition, as permitted in appropriate cases by sections 60a and 60b of the Bankrupt Act of 1898, amended in 1903 and 1910. As last changed, a preferential transfer was made voidable by the trustee if "the person receiving it, or to be benefited thereby, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, thus dispensing with any necessity of proving the bankrupt intended to prefer, or that the creditor believed

this to be so, substituting the effect of what was done for the intention of doing it": 7 C. J. 154. It is essential, however, that the one receiving the payment, attempted to be avoided, has reasonable cause to believe it will effect a priority over other creditors: 7 C. J. 163; 3 R. C. L. 270. It must appear that the payee had just cause for believing that a preference would result, and, further, that the transferror was then insolvent (Gamble v. Elkin, 205 Pa. 226; Schwartz's App., 291 Pa. 463; Schuette v. Swank, 265 Pa. 576), which does not mean that he cannot pay his debts as they fall due, but that his liabilities exceed his assets: Bankrupt Act, section 1 (15); Cherry v. Union Nat. Bank, 87 Pa. Superior Ct. 114.

The burden of showing this financial condition rests on the trustee (Cherry v. Union Nat. Bank, supra), and becomes a question of fact for the jury: Pyle v. Texas Transport & Terminal Co., 238 U. S. 90. That the attending circumstances may arouse a suspicion is not enough: Rudisill's Trustee v. Wildasin, 275 Pa. 255. Appellant insists in his argument that the obligation of showing solvency and full consideration rests here on defendant, as she was the wife, and refers to cases where gifts between parties so related are asserted, in which case it becomes necessary to clearly establish the same as against creditors: Shaver v. Mowry, 262 Pa. 381; Billington v. Sweeting, 172 Pa. 161. Even under such circumstances the question is one of fact, and the finding of the auditor or chancellor will be sustained, if the fairness of the transaction is affirmatively found on sufficient evidence: Sutton v. Guthrie, 188 Pa. 359; Woolston's App., 51 Pa. 452. The burden of proof, under the Bankrupt Act, with which we are now concerned, is as to the knowledge of insolvency, and the trustee must show there was a reasonable ground to believe its existence by the one paid, if he would take advantage of that legislation.

As noted, the trustee does not here ask to recover the amount turned over as a preference, and whether he may be able to furnish sufficient proof to secure the return of the $3,000 transferred by the bankrupt on December 31, 1925, for a preëxisting indebtedness, is not the question before us, and need not be further considered. This application is based on section 67e of the Bankrupt Act as amended. "There is a marked distinction between a preferential payment or transfer and a fraudulent conveyance, and the element of actual fraud or fraudulent intent is not necessary in order to render a payment or transfer voidable as preferential" (17 C. J. 155) under section 60, though the contrary is true under the terms of the paragraph sought to be invoked. "A payment of money in settlement of an existing indebtedness is not a transfer of property within the meaning of (section 67), nor does it evidence an intent to hinder, delay or defraud other creditors, and, hence unless the payment is voidable as a preference, the trustee cannot recover the money so paid": 7 C. J. 172. "The mere fact that a payment, or transfer is preferential does not establish that it was fraudulent" (7 C. J. 171) for every preference may hinder creditors, but is not necessarily fraudulent: Coder v. Arts, 213 U. S. 223.

Where, as here, the transfer is attacked as collusive, the burden is on the trustee to show that the bankrupt was insolvent at the time of the transaction complained of, as is true where the proceeding is based on section 67f (Keystone Brewing Co. v. Schermer, 241 Pa. 361), and that there was an actual intent to defraud. Care was taken in the various paragraphs mentioned to protect those who acted in good faith and gave a present valuable consideration for the property transferred, and in clause e, with which we are now concerned, we find the express exception by which is excluded from its operation those who have so dealt with the bankrupt. The stock here sought to be recovered was admittedly worth not more than $2,700, and that sum was paid by check,

duly cashed. The transaction cannot, therefore, be set aside as a fraudulent attempt to hinder creditors, in so far as the wife was concerned, for the giving of full value renders inapplicable the section on which the bill is founded. Whether the $3,000, paid by the husband on account of preëxisting indebtedness, and a part of which was used by Mrs. Nissly when she bought the stock, is preferential, and can be recovered in an appropriate action, it is not necessary now to consider, for the present bill rests on no such claim. It follows that the proceeding as instituted below was properly dismissed.

The decree is affirmed at the cost of appellant.