## Rush *v.* First National Bank of Confluence (et al., Appellant).

286

[black redaction bar]

Argued September 30, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

[black redaction bars]

*James B. Landis,* for appellant.

*Joseph Levy,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 23, 1936:

The controversy here at issue is whether a fund raised by sheriff's sale of personal property shall be distributed to the execution creditors or to the trustee in bankruptcy of the defendant. The court determined that it should go to the execution creditors and the trustee in bankruptcy has appealed.

There is no question of actual preference involved. The indebtedness of defendant, represented by the judg-

ments on which the executions were issued, arose several years before the fieri facias went out and the levies were made; this occurred on March 15, 1935. From the date of the levies the lien of the judgments attached, the property being personalty: *Mencke v. Rosenberg*, 202 Pa. 131, 51 Atl. 767. On July 9, 1935, the defendant was adjudged bankrupt. From the two dates named it will be seen that the levy was within four months of the institution of the bankruptcy proceedings. Does this alone give the bankruptcy trustee the right to claim the fund? In our opinion, it does not, for the reason that there is no proof that at the time the levy was made the defendant was insolvent. To invalidate a lien under Section 67 (f) of the National Bankruptcy Act* it must be shown that the debtor was insolvent when it was obtained. "It applies only to liens obtained in legal proceedings against a person who was insolvent when the lien was acquired. If the debtor was then solvent the lien is not invalidated although it was obtained within four months prior to the filing of the petition in bankruptcy: *Taubel-Scott-Kitzmiller Co. v. Fox*, 264 U. S. 426. To invalidate the lien the person challenging it must show that the debtor was insolvent when it was obtained. . . . Such insolvency must be both alleged and proved": *Liberty National Bank v. Bear*, 265 U. S. 365, 369, 44 Sup. Ct. 499, 68 L. Ed. 1057. "A trustee seeking to have declared void, under subdivision (f) of Section 67, a lien obtained through legal proceedings and to recover possession of property, may be confronted with an adverse claim upon several grounds. It may be asserted that the lien attacked is of a character different from those provided for in that subdivision. Or, although the lien (e. g. that obtained by levy of execution) is clearly one to which subdivision (f) applies, that it is

---

* Act of July 1, 1898, c. 541, Sec. 67, 30 Stat. 564; February 5, 1903, c. 487, Sec. 16, 32 Stat. 800; June 25, 1910, c. 412, Sec. 12, 36 Stat. 842; 11 U. S. Code Ann., Sec. 107.

valid by reason of other facts. For the statute does not as a matter of substantive law, declare void every lien obtained through legal proceedings within four months of the filing of the petition in bankruptcy. The lien may be valid, because the debtor was in fact solvent at the time the levy was made": *Taubel-Scott-Kitzmiller Co. v. Fox,* 264 U. S. 426, 429, 44 Sup. Ct. 396, 68 L. Ed. 770. See to the same effect: *Keystone Brewing Co. v. Schermer,* 241 Pa. 361, 88 Atl. 657; *Jenkins v. North Pole Ice Co.,* 83 Pa. Superior Ct. 360; 4 Remington on Bankruptcy, p. 936, Section 1892; 2 Collier on Bankruptcy (13 Ed.), p. 1584. See also: *Hertzler v. Nissly,* 295 Pa. 62, 144 Atl. 824.

Subsection (e) of Section 67 of the National Bankruptcy Act, supra, has no application to the dispute now before us. This subsection declares "null and void" incumbrances "made or given" by the bankrupt with the intent to "hinder, delay or defraud" creditors. The defendant did not procure the judgments to be entered or executions to be issued. He did not bring about a preference. Under such circumstances there is no picking of preferred creditors. A lien obtained under such circumstances will not be displaced by subsequent proceedings in bankruptcy though commenced within four months of the levy: *Wilson v. City Bank of St. Paul,* 17 U. S. 473, 21 L. Ed. 723; *Sleek v. Turner,* 76 Pa. 142.

It would seem advisable to note, that had it not been for the fact that another claimed the goods levied upon, with a resultant sheriff's interpleader decided against the claimant, the fund would have been paid over to the execution plaintiffs before the adjudication in bankruptcy.

The order of the court below is affirmed at appellant's costs.