## Interboro Bank and Trust Company of Prospect Park, Guardian, Appeal.

## Prichard Case.

Argued April 15, 1948. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

316

*Raymond E. Zickel,* with him *Edward H. P. Fronefield* and *Lutz, Fronefield, Warner & Bryant,* for appellant.

*James H. McHale,* with him *R. Winfield Baile,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, May 24, 1948:

Interboro Bank and Trust Company, guardian of the Estate of Hilda Carroll Prichard, a weak-minded person, appeals from the decree of the court below directing and authorizing it to agree with George L. Prichard, husband of the incompetent, appellee, to sell and convey at private sale real estate held by appellee and his wife as tenants by the entireties and to divide the net proceeds therefrom equally between said guardian and appellee.

Interboro Bank and Trust Company on May 9, 1947, was appointed guardian of the Estate of Hilda Carroll Prichard, and on August 18, 1947, filed its petition for leave to sell premises 184 North Greenwood Avenue, Lansdowne, Pennsylvania, at private sale, for the sum of $13,000. Appellant averred in the petition that the property was owned by its ward and George L. Prichard, her husband, as tenants by the entireties and that it was to "the best interests of the estate" to have the sale allowed. Appellee did not object to this petition. An ap-

propriate decree was entered forthwith authorizing the sale of "the interest of Hilda Carroll Prichard as tenants by the entireties."

Appellant, on November 14, 1947, filed its Petition for Modification of the decree of August 18, 1947, averring that "George L. Prichard claimed the right to exclusive ownership, control and management of one-half the net proceeds of sale." Appellee filed an answer thereto averring that he believed "he was entitled to one-half of the proceeds thereof else he would not and could not have agreed to said sale, since the anticipated funds to be derived therefrom were needed by him to assist him in maintaining his wife in the institution in which she was required to be and in supporting his four minor children who range in ages from six years to 15 years." On November 28, 1947, the court modified its prior decree and authorized and directed appellant to agree with appellee to sell the real estate and "to divide the net proceeds of said sale—one-half to the guardian and one-half to the said George L. Prichard . . ." This appeal is from the decree of the court *en banc* dismissing appellant's exceptions.

Appellant concedes the propriety of the private sale of the real estate, but challenges the power of the court to direct a division of the proceeds and thus terminate an estate by the entireties.

Section 6 of the Act of May 28, 1907, P. L. 292, 50 PS Section 961, gives to the guardian of a weak-minded person the same powers and subjects such guardian to the same duties as a committee in lunacy. The statute, supra, substitutes the court and its judgment for that of the ward in the care and disposition of property. In *Davidson's Estate*, 323 Pa. 113, 116, 185 A. 782, this Court said: "Lunatics, their property, proceedings affecting them and their status before the courts, are in a class apart from all others: Riebel's Est., 321 Pa. 145, 184 Atl. 118. The committee is the mere bailiff of the court which appoints him: Black's Case, 18 Pa. 434. The

lunatic is in effect the ward of the court and his estate is in custodia legis: Shaffer v. List, 114 Pa. 486, 7 Atl. 791." See *Commonwealth ex rel. Flowers v. Flowers*, 326 Pa. 138, 191 A. 914. The court may direct and allow expenditures for the support and maintenance of the ward, his or her spouse and children, the education of minor children, and the sale, lease or conveyance of any part of real estate, "whenever in the opinion of the court it is necessary for the support and maintenance of the said ward or his family," or "where it is for the interest and advantage of the said ward" that the property be sold. The court and its officers represent the incapacitated ward in all dealings with regard to property and family, the ward, however, remaining the equitable owner of the property.

A tenancy by the entireties may be terminated by agreement of the parties. In *Berhalter v. Berhalter*, 315 Pa. 225, 228, 173 A. 172, it was said: "It has long been held that deeds of grant will operate to extinguish the right of survivorship and destroy a joint tenancy. Such a result is predicated on an agreement, and an estate by entirety with the incidents of survivorship may always be destroyed by agreement of the parties." If neither party were under a disability, the property held by the entireties could have been sold, the incidents attaching to said estate destroyed and the proceeds of sale divided equally between them. The guardian may be authorized by the court to hold all of the proceeds of the sale by agreement with the other spouse. The court, possessed of all powers which the incompetent could have exercised, may likewise direct that the entireties estate be terminated and the guardian hold one-half the net proceeds for her.

Application of the principles for which appellant contends would, if carried to their logical conclusion, permit a court to direct sale of properties held as tenants by the entireties and deprive it of any beneficial use during the lifetime of both spouses. If the proceeds are

indelibly impressed with the incidents of an estate by the entireties the right of the guardian to its exclusive use is based upon the survival of the ward. If, on the other hand, she predeceases him, the entire fund passes to his hands. For all practical purposes, the fund would be, therefore, immobilized and could not be used for the benefit of either the ward or her family. Here, the husband needs financial assistance for food, clothing and shelter for himself and their four children. If the court were without power to terminate an estate by the entireties, on behalf of the ward, great hardship would be visited upon all concerned. That power, however, does exist and the court below properly directed termination of the estate and an equal division thereof.

Decree affirmed, costs to be paid by appellant.