439 A.2d 784

**Anna Dechet PATWARDHAN**

v.

**William BRABANT, Appellant,**

**and**

**The Title Insurance Corporation of Pennsylvania.**

**Appeal of William BRABANT.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed Jan. 5, 1982.

130

Robert J. Kupits, Doylestown, for appellant.

Ivan J. Krouk, Philadelphia, for Patwardhan, appellee.

Randolph Scott, Warrington, for Title Ins. Corp., appellee.

Before PRICE, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

Plaintiff, Anna Dechet Patwardhan, entrusted the care and management of her home and various rental properties to the defendant, William Brabant, from November 1973 until June 1974 while she was in Germany. By the time plaintiff returned, her home had been damaged by a serious fire caused by the defendant's negligence; significant items

of personal property had been removed from her home; and various rental receipts, security deposits, insurance proceeds and other funds had not been remitted to her. Plaintiff instituted an action in trespass and assumpsit against the defendant. Since the defendant chose not to defend the action, a default judgment in the amount of $65,056.14 was entered against him. No post trial motions were filed or appeal taken.

Thereafter the plaintiff ordered the issuance of a writ of execution against the defendant and the Title Insurance Corporation of Pennsylvania as garnishee, seeking to attach an escrow fund in the name of the defendant and Kathy Brabant, his wife. This fund arose out of the sale of a property owned by the defendant and his wife as tenants by entireties. After the hearing the court below ordered judgment be entered in favor of the plaintiff and against the garnishee for the sum held in escrow on the grounds: that the funds used to purchase the property, giving rise to the judgment for the plaintiff and against the defendant, were purloined from the plaintiff; and that these funds having been traced into the hands of the garnishee, were therefore available for the purpose of satisfaction of plaintiff's judgment. Defendant appeals. We decide that the failure to join the wife as an indispensable party was a fatal defect.

Pa. R.C.P. Rule 1032 provides:

A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply, except

(1) . . .

(2) that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall dismiss the action.

"By definition an indispensable party is one whose presence is essential for the granting of relief." Goodrich Amram 2nd § 1032.6. "[A] party is indispensable where his rights are so connected with the claims of the litigants that no

decree can be made between them without impairing such rights."[1] *Powell v. Shepard*, 381 Pa. 405, 412, 113 A.2d 261, 265 (1955). "[T]he absence of an indispensable party goes absolutely to the court's jurisdiction and the issue should be raised sua sponte." *Tigue v. Basalyga*, 451 Pa. 436, 438, 304 A.2d 119, 120 (1973). It may be raised at any time. *Hartley v. Langkamp and Elder*, 243 Pa. 550, 90 A. 402 (1914). Obviously the wife's rights here were impaired and hence she was an indispensable party. Pursuant to Pa. R.C.P. Rule 2227[2] the joinder of the wife under the circumstances was mandated. *See Magee v. Morton Building & Loan Ass'n*, 103 Pa.Super. 331, 158 A. 647 (1931).

It is well settled that entireties property is unavailable to satisfy the claims of the creditor of one of the tenants. However, a conveyance in fraud of creditors may be appropriately attacked, but the proceedings must conform with proper procedures. *Patterson v. Hopkins*, 247 Pa.Super. 163, 371 A.2d 1378 (1977).

We shall not dismiss the action, but shall vacate the judgment against the garnishee and remand to enable the plaintiff to take the necessary steps to join the wife as a party.

Judgment against garnishee vacated, and case remanded for further proceedings. Jurisdiction relinquished.

PRICE, J., did not participate in the consideration or decision of this case.

1. Indeed the effect on one's rights may be of constitutional dimension. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950).

2. Rule 2227 provides:
    (a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.