543 A.2d 1133

**STOP 35, INC.**

v.

**David HAINES.**

**Appeal of Della K. HAINES.**

Superior Court of Pennsylvania.

Argued Oct. 29, 1987.

Filed May 13, 1988.

Reargument Denied July 8, 1988.

Lester H. Zimmerman, Jr., Lewistown, for appellant.

Andrew L. Winder, Mifflintown, for Stop 35, appellee.

Before WIEAND, TAMILIA and CERCONE, JJ.

WIEAND, Judge:

In response to a petition in aid of execution the trial court entered an order directing the former wife of a judgment debtor to pay the judgment from proceeds derived from the sale of real estate owned by the wife. The wife appealed. We reverse.

On August 20, 1982, Stop 35, Inc. confessed judgment on a note which had been executed by David Haines in the principal amount of $2,249.93. On that date, David Haines and his wife, Della, were owners by the entireties of real estate situated in Fayette Township, Juniata County. Haines and his wife, however, had separated in January, 1982 and by August, 1982, a divorce action was pending in the Court of Common Pleas of Juniata County. Because of the separation and impending divorce, Haines and his wife, on May 6, 1982, had executed a homemade agreement[1] which provided, inter alia, that

1. The complete agreement was as follows:

"When ever property is sold it is agreed that after the house is paid off balance will be divided equally."

Whether the agreement regarding this real estate was subsequently re-negotiated and changed is not clear, although there is testimony to that effect which the trial court appears to have accepted as credible. In any event, by deed dated December 26, 1984 and recorded on February 14, 1985, the jointly owned real estate was conveyed to Della Haines alone. The consideration recited in the deed was one ($1.00) dollar. A divorce decree was entered on the following day, February 15, 1985. On March 7, 1985, Della Haines, unmarried, conveyed the real estate for a consideration of $37,500.00 to the parents of her former husband. At settlement, the sum of $2,254.93 (the amount of Stop 35's judgment) was withheld and placed in escrow pending a determination of Stop 35's right to recover the judgment which it held against David Haines from the real estate sold by his former wife.

On March 8, 1985, Stop 35 filed a petition in aid of execution, and the trial court issued a rule against Della Haines, David Haines, and the escrow holder to show cause why Stop 35's judgment should not be paid from the moneys held in escrow.[2] The petition contains averments (1)

May 6, 1982

1. Legal custody of both children will go to my wife.

2. Visitation rights are unlimited-they can be seen when ever husband is in off the road and for as long as he is in.

3. Both parties agree that when filing income tax they will each use one child as a deduction.

4. All contents of the house will stay with my wife.

5. When ever property is sold it is agreed that after the house is paid off balance will be divided equally.

6. Whenever tractor-trailer is sold loan for the truck will be paid off releasing the house as collateral.

7. Husband will help with any major repairs of the house-example-furnace, roof etc.

8. Child support—100.00 per week.

9. A loan will be taken out to pay off all standing bills and it is agreed that both parties will pay an equal share until the loan is paid off.

/s/ David Haines

2. The procedure followed by Stop 35 was improper. Pa.R.C.P. 3118, which provides for supplementary relief in aid of execution and

that the judgment constituted a lien against David Haines's interest in the real estate which was not discharged by the conveyance to his wife; and (2) that the deed to Della Haines was fraudulent because it was without adequate consideration. Following an evidentiary hearing, at which David Haines did not appear but which was defended by Della Haines, the trial court directed the escrow holder to deliver the moneys being held to Stop 35 in satisfaction of the judgment which it held against David Haines.

 Stop 35's judgment against David Haines did not constitute a lien against the real estate which he and his wife owned as tenants by the entireties. A husband and wife do not own separate interests in entireties property which can be reached by their individual creditors. *Kauffman v. Stenger*, 151 Pa.Super. 313, 314, 30 A.2d 239, 240 (1943). See also: *Patwardhan v. Brabant*, 294 Pa.Super. 129, 439 A.2d 784 (1982). "Because a tenancy by the entireties is grounded in the unity of the marital relationship, it can be severed only in certain limited circumstances." *Clingerman v. Sadowski*, 513 Pa. 179, 183–184, 519 A.2d 378, 381 (1986). See also: 18 P.L.E. Husband and Wife § 12. In addition to death of one of the co-tenants, divorce, or a joint conveyance, the parties can sever the tenancy by the entireties by agreement, express or implied. In the instant case, the trial court held that the entireties estate had been severed on May 6, 1982, when the parties agreed that if the real estate were sold, the net proceeds from the sale would be divided equally. Our review of the law persuades us that the trial court's conclusion was erroneous.

Initially, it may be observed that the facts of the instant case do not lie within the holdings of those decisions which

pursuant to which the petition in the instant case was filed, is not to be employed to adjudicate the title to property or to set aside fraudulent conveyances. See: *Greater Valley Terminal Corp. v. Goodman*, 415 Pa. 1, 202 A.2d 89 (1964). Only property to which title is clearly in the judgment debtor can be made subject to Rule 3118's relief in aid of execution. Because the improper procedure was not objected to preliminarily in the trial court, however, the trial court determined the substantive rights of the parties. We, too, will consider the merits.

have determined that a tenancy by the entireties may be severed by implied agreement of the parties. There was not in this case a misappropriation of entireties property by one spouse and a request for partition by the other spouse. See, e.g.: *Clingerman v. Sadowski, supra; In re Brose's Estate,* 416 Pa. 386, 206 A.2d 301 (1965); *Berhalter v. Berhalter,* 315 Pa. 225, 173 A. 172 (1934). With respect to express agreements to sever a tenancy by the entireties, the Supreme Court said, in *In re Prichard,* 359 Pa. 315, 59 A.2d 101 (1948), the following:

> A tenancy by the entireties may be terminated by agreement of the parties. In *Berhalter v. Berhalter,* 315 Pa. 225, 228, 173 A. 172, 173, it was said: "It has long been held that deeds of grant will operate to extinguish the right of survivorship and destroy a joint tenancy. Such a result is predicated on an agreement, and an estate by entirety with the incidents of survivorship may always be destroyed by agreement of the parties."

*Id.,* 359 Pa. at 318, 59 A.2d at 102.

In *Kern v. Finnegan,* 192 Pa.Super. 611, 162 A.2d 93 (1960), this Court considered an agreement between a husband and wife which purported to sever a tenancy by the entireties. The facts were as follows:

> On March 18, 1957, plaintiff Walter H. Kern, then 78 years of age, together with his wife who was afflicted with cancer, entered into an Agreement which provided in paragraph 2 thereof:
>
> > "Premises 3045 North Lawrence Street, Philadelphia, Pennsylvania, from this day henceforth, shall no longer be held by Walter H. Kern and Florence G. Kern, his wife, as tenants by the entirety, but rather each shall own an undivided one-half interest as tenants in common, without the right of survivorship, of the real estate in question to the same force and legal effect as though this had been done by Deed duly executed by the parties and recorded."
>
> Said Agreement further provided in the event of the death of Florence G. Kern, the undivided one-half interest

established by the Agreement should become the sole and separate property of Anna Finnegan, guardian of the person and property of Laura Worrell, for the personal care, use and benefit of the said Laura Worrell.

*Id.* 162 A.2d at 94–95. The Court held that the agreement was ineffective to sever the tenancy by the entireties. The Court adopted the reasoning of the trial court which provided as follows:

We do not believe that there is any authority and defendants have cited none to support the position that husband and wife by written declaration of the nature here involved can convert a tenancy by the entireties to one as tenants in common with the same force and legal effect as though it had been done by Deed executed by the parties and recorded.

. . . . .

It is obvious that the effect on the title to this property by the recording of this Agreement would be chaotic. Certainly, grantor and grantee cannot merely by their own declaration effectuate the recording of a Deed affecting title to property.

In view of the foregoing, we are constrained to hold that the instrument here involved cannot be read to convey a fee simple interest as tenant in common of an undivided one-half interest in the property to either Anna Finnegan or Laura Worrell.

*Id.* 162 A.2d at 95–96. Similarly, in the instant case, the agreement relied upon by the creditor was not a deed, could not have been recorded, and was ineffective to sever the tenancy by the entireties. It was nothing more than an agreement, modifiable by mutual consent, to divide equally the proceeds in the event that at sometime in the future the property were sold. A careful examination of the agreement does not disclose a present intent to sever the entireties estate in the marital home. The agreement was nothing more than an expression of intention to divide the net proceeds if and when the real estate was sold for an adequate price. The testimony at the evidentiary hearing

was that no affirmative efforts had been made to sell the real estate before it was conveyed to Della Haines. Thus, there had been no severance of the tenancy by the entireties prior to the time when the home was conveyed to Della Haines. It was only then that a severance occurred. See: *Runco v. Ostroski*, 361 Pa. 593, 65 A.2d 399 (1949). Thereafter, title was vested in Della Haines. At no time did David Haines have a separate interest, legal or equitable, in the marital home to which the lien of Stop 35's judgment attached.

■ The conveyance to Della Haines was not fraudulent merely because the consideration therefor was nominal. At no time did David Haines have a separate interest in the real estate which was subject to the lien of Stop 35's judgment. Moreover, the creditor had no claim against the entireties property. It had nothing more than a potential lien against the property in the event that David Haines should survive his wife. Meanwhile, husband and wife could convey the property free from any lien of the Stop 35 judgment. When the property was conveyed, therefore, Stop 35 had no basis for complaining, for it had no interest in and could acquire no interest in the real estate while husband and wife were alive and remained married.

A similar situation arose in *Wylie v. Zimmer*, 98 F.Supp. 298 (E.D.Pa.1951). The court summarized the law as follows:

When property in Pennsylvania is owned by husband and wife, title is held as tenants by entireties. This estate is separate and distinct from the estates of either spouse and cannot be reached by either spouse's creditors. One of the incidents of tenancy by entireties is the right of survivorship. A judgment creditor of one spouse has a potential lien against property held by entireties, which lien is based upon that spouse's contingent expectancy to survive and to become the sole owner of the property. However, the creditor has no right or claim to that property during the lifetime of the other spouse and

has no standing to complain of a conveyance which prevents the property from falling into his grasp.

*Id.* at 299. See also: *C.I.T. Corp. v. Flint,* 333 Pa. 350, 5 A.2d 126 (1939). The Supreme Court of Pennsylvania also has said that, even despite an actual intent by a husband to defraud his creditor,

[t]he fact remains, however, that [the husband] was mistaken in his assumption that his entireties property jointly held with his wife could have been reached by a creditor of him alone; property owned by tenants by the entireties is not subject to the debts of either spouse, and they may alien it without infringing upon the rights of their individual creditors.

*Stauffer v. Stauffer,* 465 Pa. 558, 576, 351 A.2d 236, 245 (1976). The Court in *Stauffer* then concluded that "[s]ince [the husband's creditor] could not have reached the property before the conveyance, it follows that the conveyance itself could not have been fraudulent as to [the creditor]." *Id.* at 576, 351 A.2d at 245 (footnote omitted). See also: *C.I.T. Corp. v. Flint, supra* 333 Pa. at 356, 5 A.2d at 129 ("It is not a fraud in contemplation of law to deprive one of that to which he has no right."); *Murphey v. C.I.T. Corp.,* 347 Pa. 591, 33 A.2d 16 (1943).

Finally, it is clear that Stop 35's judgment did not constitute a lien against the rights, if any, conferred upon David Haines by the agreement executed between Haines and his wife on May 6, 1982. A judgment is a lien on real property owned by the judgment debtor. It is not a lien upon personal property or choses in action held by the judgment debtor. See: 11 Std.Pa.Prac.2d § 70:17; 20 P.L.E. Judgment § 369. See also: *Sheaffer v. Baeringer,* 346 Pa. 32, 29 A.2d 697 (1943) (a lease for years is personal rather than real property and, thus, is not subject to a lien of a judgment); *Rush v. First National Bank of Confluence,* 324 Pa. 285, 188 A. 164 (1936) (the lien of a judgment attaches to personalty from the date of levy); *Keystone Coal Co. v. Williams,* 216 Pa. 217, 65 A. 407 (1907) (personal property cannot be subjected to lien except by execution).

Although personal property and choses in action can be reached by execution proceedings, there were no execution proceedings on the judgment held by Stop 35 against David Haines. Moreover, the evidence did not show and the trial court did not find that David Haines had a right to receive any part of the price paid for the marital home to his former wife. The agreement of May 6, 1982 was superseded by the deed of December 26, 1984, which vested title solely in Della Haines. There is no basis in this record, therefore, to find that David Haines is entitled to any portion of the purchase price for the home owned and sold by Della Haines.

For these reasons we are constrained to conclude that the trial court erred when it directed that Della Haines pay the judgment which was held by Stop 35 against David Haines from proceeds of the sale of her real estate.

The order of the trial court is reversed. The moneys held in escrow shall be paid to the appellant, Della Haines.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is hereby ordered and adjudged by this Court that the Order of the Court of Common Pleas of Juniata County is reversed. The moneys held in escrow shall be paid to the appellant, Della Haines.

TAMILIA, J., files a dissenting statement.

TAMILIA, Judge, dissenting statement:

I respectfully dissent and would affirm the judgment of the trial court. The fact that the husband owed the wife in excess of $25,000.00 and yet a conveyance of the wife's share of the marital property was made for $1.00, and the husband was thus rendered insolvent, is sufficient to establish a fraudulent conveyance under the Fraudulent Conveyance Act, 39 P.S. § 354. I believe the trial court was correct in finding a fraudulent conveyance and in awarding a judgment of $2,250 out of the proceeds of the sale of the property by the wife to the parents of the husband.