HOURIGAN, P.J.,
This matter is before the court on defendant’s motion for judgment on the pleadings.
HISTORY AND FACTS
On October 18, 1989, plaintiff filed a praecipe for writ of revival and a writ of revival against the terre tenant. This writ is based upon a judgment that plaintiff entered on March 4, 1983, to no. 459-L of 1983 against Colleen B. Judge in the amount of $97,636.56, and a judgment that plaintiff entered on April 29, 1983, to no. 880-L of 1983 against James W. Judge in the amount of $98,352.56. These judgments resulted from a lawsuit that plaintiff filed to no. 82-0819 in the United States District Court for the Middle District of Pennsylvania against James W. Judge and Colleen B. Judge.
In that federal action, the default judgment entered on February 14, 1983, against Colleen B. Judge appears as follows:
“Judgment is hereby entered in favor of the plaintiff, United States of America, and against the defendant, Colleen B. Judge {only) in the amount of $97,636.56, plus interest in the sum of $1,634.69 to *468 the date of judgment, together with interest pursuant to Title 28, U.S. Code, section 1961, at the legal rate of 8.65 percent per annum from the date of judgment, plus costs in the sum of $37.70, ($20 to the United States Attorney’s office, $11.20 to the United States Marshal’s Service and $6.50 for entering judgment locally and for foreclosure and sale of the mortgaged property). In the event there is a balance still due the plaintiff after application of the sale proceeds, then plaintiff requests that a deficiency judgment be entered against the defendant.”
Further, on March 21, 1983, the judgment was entered in the federal action against James W. Judge as follows:
“It is ordered and adjudged that judgment be and hereby is entered in favor of the plaintiff, United States of America, on behalf of its agency the Small Business Administration, and against the defendant James W. Judge, in the amount of $98,352.56 plus interest accruing on the obligation from March 9, 1983 at the daily rate of $2.71 until judgment and at the legal rate thereafter, plus costs of suit, fees and expense of sale.”
At all times relevant to this proceeding, James W. Judge and Colleen B. Judge were husband and wife and were the owners, as tenants by the entireties, of real estate located in Luzerne County. By deed dated June 27, 1985, the Judges conveyed this entireties property to Mary Blair V. Chapuisat, the terre tenant herein; this deed was subsequently recorded on August 2, 1985, in Luzerne County Deed Book 2166, page 802.
The terre tenant herein filed her answer and new matter to plaintiff’s writ of revival on December 5, 1989, with the present motion for judgment on the pleadings filed on March 9, 1990.
*469 DISCUSSION AND LAW
Terre tenant’s motion for judgment on the pleadings avers as follows:
.“(1) As a result of plaintiff’s failure to respond to terre tenant’s new matter, the allegations contained in this new matter are deemed admitted;
“(2) Plaintiff has improperly joined two separate judgments into this revival action for the purpose of attempting to create a terre tenant status where none exists under each individual judgment; and
“(3) The judgment sought to be revived by plaintiff did not attach to any real property owned by terre tenant and she is, therefore, improperly joined in this revival action.”
A motion for judgment on the pleadings may be granted only in cases where no facts are at issue and the law is so clear that a trial would be a fruitless exercise. Keystone Automated Equipment Co. Inc. v. Reliance Insurance Co., 369 Pa. Super. 472, 535 A.2d 648 (1988). In addition, a court must view as true all well-pled facts of the non-moving party. Beardell v. Western Wayne School District, 91 Pa. Commw. 348, 496 A.2d 1373 (1985). In a motion for judgment on the pleadings, all well-pled material facts and inferences reasonably deduced therefrom must be accepted as true, but conclusions of law and unjustified inferences will not be so considered. Merritt v. Board of Education of School District of Philadelphia, 99 Pa. Commw. 178, 513 A.2d 504 (1986).
Initially, the terre tenant contends that plaintiff’s failure to file a responsive pleading to her new matter should result in the allegations contained therein being deemed admitted. Pursuant to Pa.R.C.P. 1029, where a party fails to reply to new matter the averments of such new matter will be considered as true for purposes of a motion for *470 judgment on the pleadings. See Boyle v. O’Hara, 29 Bucks L.R. 321 (1976); Dixon v. Keystone Centers Inc., 16 Lebanon Leg. J. 148 (1976); and Marvin Shore Advertising Inc. v. The Legal Intelligencer Inc., 72 D.&C. 2d 470 (1975). Accordingly, for purposes of this particular proceeding, the material facts in terre tenant’s new matter are accepted as true. However, insofar as the factual allegations in this new matter are insufficient to be dispositive of this action, the additional arguments of terre tenant in support of this motion must be addressed.
The terre tenant contends that separate judgments were entered in federal court against Colleen B. Judge and James W. Judge; the terre tenant points out that the docket of the federal action against the Judges indicates that a judgment was entered on February 14, 1983 against Colleen B. Judge “only,” while a separate judgment against James W. Judge was entered on March 21, 1983. Moreover, these judgments were for different amounts of money, contained different provisions, and were filed to different terms and numbers in our court on different days. Plaintiff counters by stating that both judgments arose out of a joint action against the Judges as husband and wife, and therefore, these judgments are not separate and distinct judgments against each of the Judges.
For purposes of this proceeding, a determination as to whether the subject judgments were separate or joint is crucial because, under Pennsylvania law, a creditor of either spouse cannot acquire, by judgment, an enforceable lien on entireties property. Stop 35 Inc. v. Haines, 374 Pa. Super. 604, 543 A.2d 1133 (1988). Since entireties property is not subject to separate debts of either spouse, this property may be conveyed without infringing upon the rights of the individual creditors of the husband and wife. See *471 Stauffer v. Stauffer, 465 Pa. 558, 351 A.2d 236 (1976), and Stop 35 Inc., supra.
In support of her position, terre tenant cites the case of Blusiewicz v. Rosenfield, 33 D.&C. 2d 470 (1964). In Blusiewicz, a creditor entered judgment against a husband and wife individually on the same day and it was held that:
“ ‘Where consent judgment was rendered and entered against defendants husband and wife, “individually,” land held by husband and wife as tenants by the entirety was not subject to levy under execution on such judgment; “individually” meaning separately and personally, as distinguished from jointly or officially, and as opposed to collective or associate action or common interest.’
“That the estate of ‘tenants by the entireties’ has long existed in Pennsylvania is well established. It holds a particular place in Pennsylvania law and the principle behind this estate has been adjudicated many times.
“The principle established by these cases as a whole is that there cannot be an execution against property held as tenants by the entireties unless it is upon a judgment wherein defendants have acted jointly as tenants by the entireties and by their action have waived the substantive law of tenants by the entireties. This court is of the opinion that the incidents of tenants by the entireties should not be destroyed, and accordingly, will not disregard them.” Blusiewicz, 33 D.&C. 2d at 473.
Plaintiff attempts to distinguish the Blusiewicz case by contending that the judgments in that action were specifically entered against the husband and wife individually and that the term “individually’’ is not found in the judgments against Mr. and Mrs. Judge, respectively. This argument is not convincing, considering that the judgment against the wife in *472 the present matter specifically contained the provision that same was against “Colleen B. Judge (only).” Furthermore, the other facts surrounding the entry and transfer of these judgments are sufficient to conclude that these are separate judgments. Accordingly, the entireties property conveyed to the terre tenant by Colleen B. Judge and James W. Judge was not subject to levy by plaintiff, pursuant to the separate judgments against Mr. and Mrs. Judge. Therefore, this subject real estate cannot be attached by plaintiff; there can be no revival of these separate judgments against the terre tenant.
ORDER
It is hereby ordered that the terre tenant’s motion for judgment on the pleadings is granted.